Donald **GUDERIAN**, et al., Appellants,

v.

**OLMSTED COUNTY**, et al., **Respondents.**

No. C6–99–162.

Court of Appeals of Minnesota.

July 6, 1999.

Robert B. Spelhaug, Heuel, Carlson & Spelhaug, P.A., Rochester, for respondents.

Considered and decided by SCHUMACHER, Presiding Judge, PARKER, Judge,* and SCHULTZ, Judge.**

## OPINION

SCHUMACHER, Judge.

Appellants Donald Guderian, Gerald Postier, Janet Hoffmann, Louis Reiter and Richard Flores challenge the district court's grant of summary judgment denying their demand for declaratory relief to enjoin respondents Olmsted County, Mike Podulke, Carol Kamper, Paul Wilson, James Rossman, Jean Michaels and Richard Devlin from implementing a state statute. Because legislative intent resolves statutory ambiguity, we affirm.

## FACTS

In a declaratory judgment action, appellants challenged the Olmsted County Board of Commissioners' resolution to convert from elective to appointive the county's auditor/treasurer position. Appellants are registered voters of Olmsted County. Respondents are Olmsted County, five of seven county commissioners, and the county clerk/administrator. The parties stipulated to the following facts.

On March 23, 1998, 1998 Minn. Laws ch. 307 was signed into law to allow Olmsted County to convert the county's auditor/treasurer from an elective to an appointive position. On March 24, by majority vote, the Board approved resolution Nos. 98–40 and 98–41 to so convert. On March 25, pursuant to ch. 307, § 4, resolution 98–41 was published in the *Rochester Post Bulletin,* the county's official publication. On March 26, the clerk filed the

Wallace F. Gustafson, Waechter & Gustafson, Willmar, for appellants.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. Art. VI, § 10.

** Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. Art. VI, § 10.

resolution's Certificate of Approval with the secretary of state. On April 1, again pursuant to section 4, the resolution was published a second time. Thereafter, during a 21–day waiting period, a petition drive to require a conversion referendum failed to secure the necessary 10% of registered voters, as required by section 4. On June 9, 1998, the Board adopted resolution No. 98–82 to complete the conversion.

The district court found that respondents had complied with the legislature's intent as to conversion, despite inconsistencies within the statute. On appeal, appellants argue that the district court incorrectly applied the law and ask that this court nullify respondents' resolution.

## ISSUE

Did the district court err in ruling that respondents had complied with statutory intent to convert the county auditor/treasurer position?

## ANALYSIS

█ On appeal from summary judgment, a reviewing court must determine whether the district court erred in its application of the law and whether there are any genuine issues of material fact. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The parties previously stipulated to the material facts. Where a case is decided on stipulated facts, the only issue on appeal is whether the district court erred in its application of the law. *Fingerhut Corp. v. Suburban Nat'l Bank*, 460 N.W.2d 63, 65 (Minn.App.1990). This case involves the construction of a statute, which is a question of law. *See Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn. 1985).

The legislature wrote 1998 Minn. Laws ch. 307 to provide Olmsted County the opportunity, if it so desired, to convert from elective to appointive its auditor/treasurer position. Chapter 307 is comprised of five sections that provide: (1) the power to adopt the conversion resolution; (2) the power to appoint after conversion; (3) after conversion, the incumbent auditor/treasurer completes his or her term; (4) prior to the conversion's effect the resolution must be twice published, a 21–day waiting period must elapse, and if 10% of the registered voters so petition a referendum must be held as to the resolution; and (5) the effective date of a resolution.

Appellants' argument focuses on the timing of both the clerk's filing the resolution with the secretary of state and the resolution's first publication in the *Rochester Post Bulletin*, required by ch. 307, sections 4 and 5. Appellants argue that publication should not have preceded the filing because the publication's effectiveness hinged on its filing as stipulated in section 5.

The district court was correct in that ch. 307 is internally inconsistent. Section 1 provides authority to the Board to convert the auditor/treasurer position. The legislature conditioned the Board's authority to act under section 1, however, on section 5's filing requirement in compliance with Minn.Stat. § 645.021, subd. 3 (1998), which provides general procedural requirements for filing. Yet, the Board may not file under section 5 until it passes a resolution under section 1. A literal reading of ch. 307 proposes a futile exercise—the Board cannot act without filing but cannot file without acting.

█ "It is well settled that courts may presume that the legislature does not intend an absurd result." *State v. Murphy*, 545 N.W.2d 909, 916 (Minn.1996) (citing Minn.Stat. § 645.17(1) (1994)). Nevertheless, we face the incongruity between sections 1 and 5. When faced with such an absurd result, courts must look beyond a statute's literal meaning to ascertain and fulfill the legislature's intent. *Wegener v. Comm'r of Revenue*, 505 N.W.2d 612, 617 (Minn.1993). Statutory interpretation requires a court to ascertain and accomplish the intention of the legislature. *Olson v. Ford Motor Co.*, 558 N.W.2d 491, 494

(Minn.1997) (citing Minn.Stat. § 645.16 (1996)).

■ We defer to the fundamental intent of the legislature in adopting ch. 307. Legislative intent reveals two obvious elements of ch. 307:(1) the legislature wished to give the Board the option to convert the auditor/treasurer position; and (2) the legislature also wished to restrain such authority by giving voters the opportunity to request a referendum on the issue. Any procedural shortcoming that resulted from inconsistency within the special law fails to justify appellants' case unless such a shortcoming constrained either the Board's authority to convert or the voters' authority to block conversion.

Respondents complied with ch. 307's conditions. Although the timing of the conditions is ambiguous, the intent is clear. Appellants' argument that respondents were unable to publish the resolution until it was filed is unpersuasive. Chapter 307 does not hinge publication on filing, but in fact requires publication after the Board has adopted a resolution permitted by section 1. The Board exercised that power authorized by the legislature and provided the Olmsted voters the opportunity to require a referendum.

We reject appellants'·argument that the Board failed to adhere to the requirements of Minn.Stat. § 645.02 (1998). Appellants note that section 645.02 provides that special laws approved by a local government unit become effective the day after filing under section 645.021. Appellants do not explain their argument but imply that because section 645.02 notes such a filing requirement and effective date, the clerk was required to file the day after adoption and publication should not have occurred until the Board's resolution had become effective by so filing. This or any similar argument lacks authority to compel this court to enjoin implementation of the Board's resolution and ignore the legislature's clear intent.

## DECISION

We reject appellants' challenge to the procedure employed by respondents to convert Olmsted County's auditor/treasurer position. Appellants' objection to the timing of publication and filing fails as a technical attempt to obfuscate respondents' compliance and adherence to legislative intent and the notice and waiting period requirements. Respondents effectively converted the position, in light of the failed referendum petition.

**Affirmed.**