**In re Valerie TOMCZYK, Debtor.**

No. 02–55534.

United States Bankruptcy Court, D. Minnesota.

April 2, 2003.

---

Laura I. Schacht, Duluth, MN, for Debtor.

Robert R. Kanuit, Superior, WI, trustee.

### MEMORANDUM ORDER ALLOWING EXEMPTION

ROBERT J. KRESSEL, Bankruptcy Judge.

This case came on for hearing on February 24, 2003 on the trustee's objection to exemptions. Robert R. Kanuit, the trustee, appeared *in propria persona* and Laura I. Schacht appeared on behalf of the debtor.

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1070(1). This is a core proceeding.

### BACKGROUND

The debtor filed a chapter 7 bankruptcy petition on October 28, 2002. She did not disclose any federal or state tax refunds on her Schedule B, but at the meeting of creditors on November 20, 2002, the debtor disclosed to the trustee that she expected to receive 2002 federal and state income tax refunds in an aggregate amount of approximately $6,700.

On January 2, 2003, the debtor filed amended Schedules B and C disclosing estimated 2002 tax refunds with an approximate value of $4,000 and claiming the refunds as exempt under Minn.Stat. §§ 550.37, Subd. 13, 14, and 21. The trustee filed an objection to this exemption on January 23, 2003. At the hearing the debtor limited her claim, claiming only the federal Earned Income Credit and state Minnesota Working Family Credit components of the respective "refund" amounts as exempt only under Minnesota Statute § 550.37, Subd. 14.[1]

### THE ISSUE

The sole issue is whether the debtor's Earned Income Credit and her Minnesota Working Family Credit are exempt under Minn.Stat. §§ 550.37, Subd. 14. I conclude that they are.

### DISCUSSION

The statute provides:

All relief based on need, and the earnings or salary of a person who is a recipient of relief based on need, shall be exempt from all claims of creditors including any contractual setoff or secu-

---

1. According to the debtor's tax returns, her 2002 Earned Income Credit is $4,140 and her 2002 MWFC is $1,035.

rity interest asserted by financial institution. For the purposes of this chapter, relief based on need includes MFIP, work first, general assistance medical care, supplemental security income, medical assistance, Minnesota supplemental assistance, and general assistance.... The burden of establishing that funds are exempt rests upon the debtor.

Minn.Stat. § 550.37, Subd. 14. The debtor argues that under this statutory provision, "all relief based on need" includes that portion of her tax refunds attributable to the federal Earned Income Credit and the Minnesota Working Family Credit, the state equivalent of the Earned Income Credit.

■ Exemption statutes must be construed liberally in favor of the debtor and in light of the purposes of the exemption. *Andersen v. Ries (In re Andersen)*, 259 B.R. 687, 690 (8th Cir. BAP 2001) (citing *Wallerstedt v. Sosne (In re Wallerstedt)*, 930 F.2d 630, 631 (8th Cir.1991)). The wording of the Minnesota statutory provision, "relief based on need", includes more than the examples provided within the text. The word "includes" is not exclusionary and the list in the statute therefore is not exclusive.

The earned income credit varies according to a taxpayer's filing status, (either married filing jointly or single, head of household or qualifying widower), number of children, (none, one, or two or more) and earned income. For single taxpayers with no children, the credit increases with earned income to a maximum of $376 for taxpayers with earned incomes between $4,900 and $6,150 and then declines to zero for taxpayers with earned incomes of $11,060 or more. For single taxpayers with one child, the credit increases to $2,506 for taxpayers with earned incomes between $7,350 and $13,550 and declines to

zero for taxpayers with earned incomes of $29,201 or more. For single taxpayers with two or more children, the credit increases to $4,140 for taxpayers with earned incomes between $10,350 and $13,550 and declines to zero for taxpayers with earned incomes of $33,178 or more. The credit varies slightly for married couples filing a joint return.

■ Congress designed the Earned Income Credit "to provide relief to low income families who pay little or no income tax, and it was intended to provide an incentive to work rather than receive federal assistance." *In re Barnett*, 214 B.R. 632, 634 (Bankr.W.D.Okl.1997) (quoting *Rucker v. Secretary of the Treasury*, 751 F.2d 351, 356 (10th Cir.1984)). A person must work and earn some income in order to receive such credits. *Id.* Moreover, while the distribution of the Earned Income Credit is effectuated via federal income tax returns, it is not truly a tax credit and the amount received is not a refund because there is no requirement that federal income taxes be paid in order to receive the credit. *Id.* Most importantly, the Supreme Court stated that the Earned Income Credit was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income, to stimulate the economy by funneling funds to persons likely to spend the money immediately, and *to provide relief for low income families* hurt by rising food and energy prices. *Sorenson v. Secretary of Treasury*, 475 U.S. 851, 864, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986) (emphasis added). I find that such factors clearly indicate that the Earned Income Credit is relief based on financial need.

Other bankruptcy courts who have considered the issue of exemption of the Earned Income Credit under their own state statutes, have exempted it as "public assistance benefits" which are based on

need. *See In re Fish*, 224 B.R. 82 (Bankr. S.D.Ill.1998); *In re Brown*, 186 B.R. 224 (Bankr.W.D.Ky.1995); *In re Goldsberry*, 142 B.R. 158 (Bankr.E.D.Ky.1992), *In re Davis*, 136 B.R. 203 (Bankr.S.D.Iowa 1991); *In re Jones*, 107 B.R. 751 (Bankr.D.Idaho 1989). In *Brown* and *Goldsberry*, the courts found that the Earned Income Credit fell within Kentucky's definition of public assistance, which is broadly defined by that state to include "money grants, assistance in kind or services to or for the benefit of needy aged, needy blind, needy permanently disabled and totally disabled persons, needy children, or persons with whom a needy child lives or a family containing a combination of these categories." *In re Fish*, 224 B.R. 82, 83 (Bankr.S.D.Ill.1998) (citing *In re Brown*, 186 B.R. at 226). Although these bankruptcy courts are basing the exemption of the Earned Income Credit on statutes that are worded differently than the Minnesota statute, the reasoning of their holdings is sound: the Earned Income Credit is based on need, provides a payment to low income families to help them meet the basic costs of life.[2]

I conclude that the Earned Income Credit, and thus the Minnesota Working Family Credit[3] (the eligibility for which is based on eligibility for the Earned Income Credit under Minn.Stat. § 290.0671), are exempt under Minn.Stat. § 550.37, Subd. 14.

### ORDER

THEREFORE, IT IS ORDERED:

1. The debtor's Earned Income Credit in the amount of $4,140 is exempt.

2. The balance of the debtor's federal income tax refund in the amount of $470 is not exempt.

3. The debtor's Minnesota Working Family Credit in the amount of $1,035 is exempt.

4. The balance of the debtor's Minnesota income tax refund in the amount of $101 is not exempt.

2. A number of courts have not allowed an exemption for the Earned Income Credit. *See In the Matter of Collins*, 170 F.3d 512 (5th Cir.1999); *Trudeau v. Royal (In re Trudeau)*, 237 B.R. 803 (10th Cir. BAP 1999); *In re Rutter*, 204 B.R. 57 (Bankr.D.Or.1997); *In re Beagle*, 200 B.R. 595 (Bankr.N.D.Ohio 1996). In part, this is because of variations in the respective state statutes. In part, it is because I disagree with their reasoning.

3. The parties have agreed that the result for the Minnesota Working Family Credit should be the same as it is for the Earned Income Credit.