ASSET ACCEPTANCE CORPORATION v HUGHES

Docket No. 251798. Submitted April 13, 2005, at Lansing. Decided
September 6, 2005, at 9:00 a.m. Leave to appeal sought.

Asset Acceptance Corporation, the owner and holder of certain credit
card accounts not paid by Gayla L. Hughes, brought an action in
the 15th District Court against Hughes, seeking payment of the
account balances. The court, Julie Creal Goodridge, J., granted a
default judgment and a writ of garnishment against the defen-
dant's Michigan homestead property tax credit and denied the
defendant's objections at a hearing. The defendant appealed in the
Washtenaw Circuit Court, Timothy P. Connors, J., which vacated
the district court ruling and remanded for the entry of an order
granting the defendant's objection to the garnishment of her tax
credit. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

1. A homestead property tax credit deriving from rent paid
from social security benefits may be garnished. Once the defen-
dant paid the money received as social security benefits to her
landlord in rent, the benefits no longer retained the quality of
money. Social security benefits received by the defendant are
exempt from garnishment. 42 USC 407. As long as the benefits
maintain their quality of being money, that is, subject to demand
and use as the needs of the beneficiary require, as in a credit union
account, they retain their exempt status. In this case, the defen-
dant paid her rent to her landlord and expected a homestead
property tax credit to be returned to her sometime later. Thus, the
benefits had changed their character; they were no longer subject
to the demand and use by Hughes.

2. The homestead property tax credit is not a form of public
assistance that is exempt from garnishment under the Michigan
Social Welfare Act, MCL 400.1 *et seq.*

Reversed and remanded for further proceedings.

FORT HOOD, P.J., dissenting, stated that the defendant did not
invest the money and was not required to keep the money in her
hands or under her roof in order to maintain the exemption benefit

of 42 USC 407. The circuit court decision that the homestead property tax credit in this case is exempt from garnishment is correct.

GARNISHMENT — SOCIAL SECURITY BENEFITS — RENT — HOMESTEAD PROPERTY TAX CREDIT.

A homestead property tax credit from rent paid from social security benefits may be garnished; the benefits no longer retain the quality of money, which is the ability to be used by the beneficiary on demand, once they are used to pay rent, so the garnishment exemption for social security benefits does not apply (42 USC 407; MCL 205.30a, 600.4061a).

*Thomas D. Hocking* and *David A. Den Houten* for the plaintiff.

*Lorray S. C. Brown* for the defendant.

Before: FORT HOOD, P.J., and METER and SCHUETTE, JJ.

SCHUETTE, J. In this garnishment action, plaintiff appeals by leave granted from an order granting defendant's objection to garnishment of her state of Michigan homestead property tax credit. We reverse and remand.

I. FACTS

This case arises out of a collections action. Defendant Gayla L. Hughes entered into agreements for credit cards with Montgomery Ward and Saks Fifth Avenue. Defendant then defaulted on each of these cards, owing $535.41 on the Montgomery Ward card and $1,053.30 on the Saks Fifth Avenue card. Plaintiff Asset Acceptance Corporation is the owner and holder of each of these credit accounts.

On March 6, 2000, plaintiff filed a complaint against defendant in connection with the past due accounts. A default judgment was entered against defendant on May 8, 2000. The 15th District Court then authorized

garnishments against defendant's bank account at the Huron River Credit Union and against defendant's state of Michigan homestead property tax credit.

Defendant filed objections to the latter garnishment on the grounds that the funds plaintiff sought to garnish were exempt from garnishment because defendant paid her rent solely from social security disability benefits and adoption support subsidies. A hearing was held on these objections on April 17, 2003. After hearing arguments, the court denied defendant's objections to the garnishment of her homestead property tax credit on the ground that defendant had not provided any legal authority demonstrating that a tax refund or credit was exempt. The court entered an order reflecting this ruling on April 28, 2003. The court also set a hearing date for defendant's objection to the garnishment of her credit union account. The parties subsequently stipulated the entry of an order regarding defendant's objection to the credit union garnishment, and that issue is not before this Court.

Defendant appealed in the circuit court the district court's denial of her objection to the garnishment of her tax credit. A hearing was held on this question on September 19, 2003. On October 9, 2003, the circuit court entered an opinion and order vacating the district court's ruling and remanding for entry of an order granting defendant's objection to the garnishment of her tax credit.

## II. STANDARD OF REVIEW

This issue presents a question of law. This Court reviews de novo questions of law. *Bennett v Weitz*, 220 Mich App 295, 299; 559 NW2d 354 (1996).

### III. ANALYSIS

Defendant acknowledges that in general, under Michigan law, a homestead property tax credit may be garnished. MCL 205.30a and 600.4061a. However, defendant argues that when, as here, a source of funds itself exempt from garnishment is used to pay rent, which rent subsequently results in a tax credit, then the tax credit should also be exempt from garnishment. We disagree.

The parties to this action do not dispute that the social security benefits received by defendant are themselves exempt from garnishment. Moreover, in *Philpott v Essex Co Welfare Bd*, 409 US 413, 416-417; 93 S Ct 590; 34 L Ed 2d 608 (1973), the Supreme Court held that social security funds deposited in a savings and loan association retain their exempt status. The Court based its ruling on the fact that, when deposited in a savings and loan association, the funds retain the "quality of monies." *Id.* at 416. Funds retain the "quality of monies" when they remain subject to demand and use as the needs of the beneficiary for support and maintenance require. *Porter v Aetna Cas & Surety Co*, 370 US 159, 161; 82 S Ct 1231; 8 L Ed 2d 407 (1962).

In the present case, defendant argues that the tax credit retains the quality of monies because, although separated from defendant for up to a year, the credit, once received, will be subject to demand and use as the needs of defendant require. However, such an assertion is simply incorrect. Without question, the social security benefits, when placed in defendant's credit union account, retained the quality of monies. However, once defendant paid the money to her landlord in rent, it no longer retained the quality of monies. Once paid to the landlord, the rent money was in the landlord's control;

indeed, it became entirely the landlord's property and was no longer subject to demand and use by the defendant.

Moreover, following defendant's theory, the funds originating from social security benefits and paid to defendant then underwent several more changes of hands, from the landlord to the municipality and from the municipality to the state. In each of these instances, the funds became intermingled with other funds and lost any ability to be directly traced back to any one individual. As a result, the funds defendant received as a homestead property tax credit cannot be said to have come from the same source as the original social security benefits. The source of the funds had changed entirely. For these reasons, defendant's argument is without merit.

Defendant has also asserted that, even if the homestead property tax credit did not retain its exempt status based on its origination in social security benefits, nonetheless the credit should still be found to be exempt on the basis that it constitutes, essentially, a form of public assistance benefit under the Michigan Social Welfare Act, MCL 400.1 *et seq.* This argument too is without merit.

It is true, as our Supreme Court has recognized, that the homestead property tax credit primarily benefits senior citizens, veterans, the blind, or disabled, or those with low incomes. *Butcher v Dep't of Treasury*, 425 Mich 262, 274; 389 NW2d 412 (1986). However, even the very wealthy are potentially entitled to some benefit from the homestead property tax credit program. They may claim the credit on their tax returns just as any other property owner or renter may, subject to a limitation on the percentage they may claim depending on their incomes. MCL 206.520(8) and 206.522. In light of this

fact, the credit cannot be considered a form of public assistance benefit. Thus, this argument, too, is without merit.

In summary, the circuit court committed error mandating reversal when it found that defendant's homestead property tax credit was exempt from garnishment. These funds, although arguably originally derived from social security benefits, did not retain their exempt status because their character changed once they were spent. Moreover, a homestead property tax credit is not a form of public assistance relief.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

METER, J., concurred.

FORT HOOD, P.J. (*dissenting*). I respectfully dissent. Plaintiff filed a complaint alleging that defendant failed to make payments on her Montgomery Ward and Saks Fifth Avenue credit cards. Plaintiff alleged that it purchased the outstanding accounts, and defendant failed to make periodic payments. On May 5, 2000, plaintiff obtained a default judgment against defendant in the amount of $1,738.63 to cover the outstanding balance, interest, and costs. To recover the judgment amount, plaintiff sought writs of garnishment directed to Huron River Credit Union and Michigan's Department of Treasury. Defendant objected to the garnishment, alleging that her only sources of income were exempt from garnishment. Specifically, defendant alleged that she was disabled, had received social security disability payments since 1984, and used the payments to pay her rent. Her other source of income consisted of adoption support subsidies from the state. Defendant alleged that the funds constituted exempt

property and that exempt property did not lose its exempt status when deposited into a bank account.

The district court held a hearing and denied the objections to the garnishment directed to the state treasury department.[1] On appeal, the circuit court reversed the district court's holding, concluding that the homestead property tax credit was exempt from garnishment. This Court granted plaintiff's application for leave to appeal.

Issues of statutory construction present questions of law that are reviewed de novo. *Cruz v State Farm Mut Automobile Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002). The goal of statutory construction is to discern and give effect to the intent of the Legislature by examining the most reliable evidence of its intent, the words of the statute. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). If the statutory language is unambiguous, appellate courts presume that the Legislature intended the plainly expressly meaning and further judicial construction is neither permitted nor required. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000).

Federal law limits the transfer and acquisition of disability insurance benefits:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law. [42 USC 407(a).]

---

[1] The parties resolved the writ of garnishment directed to the credit union account, and it is not at issue on appeal.

Despite the federal statute holding that disability insurance benefits are not subject to garnishment and despite the fact that defendant's rent was paid through receipt of these benefits, plaintiff alleges that it may garnish the homestead property tax credit on the basis of the following statute:

> The state treasurer shall intercept a state tax refund or *credit* that is subject to a writ of garnishment served upon the state treasurer pursuant to section 4061. . . . [MCL 600.4061a(1) (emphasis added).]

Although MCL 600.4061a provides that it is applicable to a state refund or credit, the plain language of the homestead property tax credit statute expressly provides, "Only the renter or lessee shall claim a credit on property that is rented or leased as a homestead." MCL 206.520(5). See *Neal, supra* at 665 (The task in construing a statute is to discern and give effect to the intent of the Legislature.).

Moreover, the tax credit retained its essence or quality as money and was not invested or utilized for a subsequent purchase. In *Lawrence v Shaw*, 300 US 245, 246; 57 S Ct 443; 81 L Ed 623 (1937), the petitioner was appointed the guardian of a war veteran with claims against the United States for unpaid compensation and insurance. The petitioner initially listed the property of his ward when reporting taxes, but the tax paid was refunded on the basis of a ruling of the state attorney general. Consequently, the petitioner, in subsequent years, did not list or pay taxes on property of the ward. After five years, the respondent tax official assessed the ward's property for that period. The property consisted of deposits in banks and real estate loans, although the issue of the loans was resolved before appeal. The parties stipulated that the "deposits in bank" consisted of collections from warrants or checks drawn and issued

by the federal government. *Id.* at 247. These collections were deposited into the bank by the guardian and constituted "unexpended and uninvested balances." *Id.* The petitioner paid the taxes under protest and demanded a refund, which demand was refused. *Id.*

The United States Supreme Court reversed the collection of taxes and, in doing so, made a distinction between a deposit or credit of money and an investment:

> The state court found no distinction with respect to taxability "between stocks and bonds, and notes and bank deposits and other solvent credits." Amplifying this position, counsel for respondent at this bar, while conceding that the warrants or checks issued by the Government would be exempt, and that if they were cashed the moneys thus received would likewise be exempt until they were invested, contended that if the guardian instead of cashing the warrants or checks deposited them in bank, the resulting bank credits would be taxable. We think that this contention is inadmissible. Congress has declared that the payments of benefits by the Government shall be exempt not only before but "after receipt by the beneficiary." We cannot conceive that it was the intent of Congress that the veteran should lose the benefit of this immunity, which would attach to the moneys in his hands, by depositing the government warrants or checks in bank to be collected and credited in the usual manner. *These payments are intended primarily for the maintenance and support of the veteran. To that end neither he nor his guardian is obliged to keep the moneys on his person or under his roof. As the immunity from taxation is continued after the payments are received, the usual methods of receipt must be deemed available so that the amounts paid by the Government may be properly safeguarded and used as the needs of the veteran may require.*
>
> The provision of the [World War Veterans Act as amended in] 1935 that the exemption should not apply to property purchased out of the moneys received from the

Government shows the intent to deny exemption to invest-
ments, as was ruled in [*Trotter v Tennessee*, 290 US 354; 54
S Ct 138; 78 L Ed 358 (1933)]. It is of course true that
deposits in bank may be made under a special agreement
by which the deposits assume the character of investments
and would lose immunity accordingly. No such agreement
is shown here. Nor are the bank balances shown to be the
proceeds of investments. They are stipulated to be "unin-
vested balances" of the government payments. Some refer-
ence was made at the bar to the possible effect of an
allowance of interest upon bank deposits. It does not
appear that there was such an allowance in this instance
and we do not suggest that a mere allowance of interest
upon deposits would be enough to destroy an immunity
where it would otherwise attach. We hold that the immu-
nity from taxation does attach to bank credits of the
veteran or his guardian which do not represent or flow
from his investments but result from the deposit of the
warrants or checks received from the Government when
such deposits are made in the ordinary manner so that the
proceeds of the collection are subject to draft upon demand
for the veteran's use. [*Lawrence, supra* at 249-250 (empha-
sis added).]

In the present case, defendant utilized her social
security benefits to pay rent and the payment of rent
resulted in the homestead property tax credit, a credit
issued from the state that was not yet expended by
defendant. Defendant did not have other revenue
sources with which to commingle her tax credit. More-
over, plaintiff does not allege any entitlement to the
adoption subsidies. Defendant did not invest the credit.
Therefore, she was not required to keep the money in
her hands or under her roof in order to maintain the
exemption benefit of 42 USC 407. Consequently, I
would affirm the circuit court decision.