# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6050

_____

In re: Grace Montgomery Johnson

*Debtor*

------------------------------

Nauni Jo Manty

*Trustee - Appellant*

v.

Grace Montgomery Johnson

*Debtor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 26, 2014
Filed: April 22, 2014

_____

Before FEDERMAN, Chief Judge, SCHERMER and NAIL, Bankruptcy Judges.

_____

FEDERMAN, Chief Judge

The Chapter 7 Trustee in the bankruptcy case of Grace M. Johnson appeals from the Order of the Bankruptcy Court holding that a property tax refund is exempt under Minn. Stat. § 550.37, subd. 14, as "government assistance based on need." For the reasons that follow, we reverse.

## FACTUAL BACKGROUND

Debtor Grace M. Johnson is an 88-year old widow whose only regular source of income is social security. She owns a home valued at $200,000 with approximately $150,000 in equity. She occasionally supplements her income by renting out a bedroom in her home. After she filed a Chapter 7 bankruptcy case, the Chapter 7 Trustee objected to her claimed exemption in a $1,946 real property tax refund under § 550.37, subd. 14 of the Minnesota Statutes as "government assistance based on need." The Bankruptcy Court overruled the Trustee's objection and allowed the exemption in the refund in its entirety. The Trustee appeals.

## STANDARD OF REVIEW

We review the Bankruptcy Court's conclusions of law *de novo* and its findings of fact for clear error.[1] The Bankruptcy Court's statutory interpretation is a question of law that is subject to *de novo* review.[2] Likewise, the allowance or disallowance of an exemption is subject to *de novo* review.[3]

---

[1] *Addison v. Seaver* (*In re Seaver*), 540 F.3d 805, 809 (8th Cir. 2008); *Doeling v. Nessa* (*In re Nessa*), 426 B.R. 312, 314 (B.A.P. 8th Cir. 2010).

[2] *Graven v. Fink* (*In re Graven*), 936 F.2d 378, 384-85 (8th Cir. 1991).

[3] *Drenttel v. Jensen-Carter* (*In re Drenttel*), 309 B.R. 320, 322 (B.A.P. 8th Cir. 2004).

## DISCUSSION

Bankruptcy debtors in Minnesota may choose either the federal exemptions or the exemptions provided under Minnesota and other federal law.[4] The Debtor here chose Minnesota exemptions and claimed her real property tax refund exempt under § 550.37, subd. 14 of the Minnesota Statutes. That statute provides, in relevant part:

> **Subd. 14. Public Assistance**. All government assistance based on need, and the earnings or salary of a person who is a recipient of government assistance based on need, shall be exempt from all claims of creditors including any contractual setoff or security interest asserted by a financial institution. For the purposes of this chapter, government assistance based on need includes but is not limited to Minnesota family investment program, general assistance medical care, Supplemental Security Income, medical assistance, MinnesotaCare, payment of Medicare part B premiums or receipt of part D extra help, MFIP diversionary work program, work participation cash benefit, Minnesota supplemental assistance, emergency Minnesota supplemental assistance, general assistance, emergency general assistance, emergency assistance or county crisis funds, energy or fuel assistance, and food support. The salary or earnings of any debtor who is or has been an eligible recipient of government assistance based on need . . . shall, upon the debtor's return to private employment or farming after having been an eligible recipient of government assistance based on need . . . be exempt from attachment, garnishment, or levy of execution for a period of six months after the debtor's return to employment or farming and after all public assistance for which eligibility existed has been terminated. . . . The burden of establishing that funds are exempt rests upon the debtor. . . .[5]

---

[4]  *See Martin v. Bucher* (*In re Martin*), 297 B.R. 750, 751-52 (B.A.P. 8th Cir. 2003) (citing *Sholdan v. Dietz*, 108 F.3d 886, 887 n.2 (8th Cir. 1997); 11 U.S.C. §§ 522(d) and 522(b)(2)).

[5]  Minn. Stat. § 550.37, subd. 14.

As the Trustee points out, this statute does not specifically mention property tax refunds in the list of examples of the types of government assistance which are exempt. However, the list is not exclusive,[6] and so the question is whether the property tax refund at issue here fits within the Minnesota legislature's concept of "government assistance based on need."

When a debtor elects to exempt property pursuant to state statute, courts determine such eligibility by looking to state law.[7] In Minnesota, the goal of statutory interpretation is to determine the intent of the legislature.[8] When ascertaining legislative intent, courts interpreting Minnesota statutes may be guided by the presumptions detailed in Minn. Stat. § 645.17. That statute provides that "the legislature does not intend a result that is absurd, impossible of execution, or unreasonable" and "the legislature intends the entire statute to be effective and certain." [9] It is well-settled that exemption statutes must be construed liberally in favor of the debtor and in light of the purposes of the exemption.[10]

---

[6] *See In re Tomczyk*, 295 B.R. 894, 896 (Bankr. D. Minn. 2003).

[7] *Mueller v. Buckley* (*In re Mueller*), 215 B.R. 1018, 1022 (B.A.P. 8th Cir. 1998).

[8] Minn. Stat. § 645.16 ("The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature.").

[9] Minn. Stat. § 645.17(1) and (2); *see also Guderian v. Olmstead County*, 595 N.W.2d 540, 542 (Minn. Ct. App. 1999) ("It is well settled that courts may presume that the legislature does not intend an absurd result.") (citation omitted).

[10] *In re Tomczyk*, 295 B.R. at 896 (citing *Andersen v. Ries* (*In re Andersen*), 259 B.R. 687, 690 (B.A.P. 8th Cir. 2001); *Wallerstedt v. Sosne* (*In re Wallerstedt*), 930 F.2d 630, 631 (8th Cir. 1991)).

At the outset, we note, as the Bankruptcy Court did, that in 2009, the Minnesota Legislature substituted the phrase "government assistance based on need" for "relief based on need" in § 550.37, subd. 14.[11]  We agree with the Bankruptcy Court that the substantive thrust of the statute remains essentially unchanged, and so cases interpreting the prior version of the statute are relevant.

In *In re Tomczyk*, the Bankruptcy Court for the District of Minnesota held that income tax refunds attributable to the federal Earned Income Credit and Minnesota Working Family Credit were exempt as "relief based on need" under the prior version of § 550.37, subd. 14.[12]  In so holding, the *Tomczyk* Court pointed out that the EIC was designed "to provide relief to low income families who pay little or no income tax, and it was intended to provide an incentive to work rather than receive federal assistance."[13]  It is phased out at relatively low income thresholds.[14]  The Court also found it significant that the EIC was not a tax *refund*, since a person does not have to actually pay any tax to receive it.[15]  Finally, and "most importantly," the *Tomczyk* Court pointed out that the United States Supreme Court had said that the EIC "was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income, to stimulate the economy by funneling funds to persons likely to spend the money immediately, and *to provide relief for low income families* hurt by rising food and energy

---

[11] 2009 Minn. Laws c. 31, § 2; Minn. Sess. Law Serv. Ch. 31.

[12] *In re Tomczyk*, 295 B.R. at 896-97.

[13] *Id*. at 896 (citations omitted).

[14] *Id.*
[15] *Id.*

5

prices."[16] Based on these factors, the Court in *Tomczyk* held that the EIC is relief based on financial need and, therefore, is exempt under § 550.37, subd. 14.

Based in large part on the holding in *Tomczyk*, the Bankruptcy Court in this case held that the property tax refund at issue here was likewise exempt under § 550.37, subd. 14.

The property tax refund at issue here is authorized by the State of Minnesota Property Tax Refund Act, which is codified at §§ 290A.01-290A.27 (2012) of the Minnesota Statutes ("the Act"). As the Bankruptcy Court noted, the purpose of the Act is expressly stated in the statutory text, namely, "to provide property tax relief to certain persons who own or rent their homesteads."[17]

The Act sets out three ways an individual may be eligible for such a property tax refund.[18] First, the Act provides a refund for homeowners whose property taxes are in excess of certain percentages of household income.[19] This provision provides for a phase-out of the refund as income level increases. The household income limit for these homeowners in 2012 was $103,729.[20] Second, Minnesota provides a refund to renters whose rent exceeds certain percentages of their

---

[16] *Id.* (citing *Sorenson v. Secretary of Treasury*, 475 U.S. 851, 864, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986)) (emphasis added by the *Tomczyk* court).

[17] Minn. Stat. § 290A.02 ("The purpose of this chapter is to provide property tax relief to certain persons who own or rent their homesteads.").

[18] *See* Minn. Stat. § 290A.04.

[19] Minn. Stat. § 290A.04, subd. 2.

[20] *Id.*

household incomes.[21] Similar to the homeowners' refund, the statute has a phase-out of the renters' refunds as income increases. The household income limit for the renters' refund in 2012 was $56,219.[22] And third, a homeowner may receive a refund if property taxes on a homestead increase more than twelve percent over the previous year, excluding increases attributable to improvements made to the property.[23] This refund is available regardless of the homeowner's income.[24]

The Bankruptcy Court held that, despite the fact that these refunds are available to people earning more than $100,000 (and, in the twelve percent increase category, even to people with unlimited income), such refunds are nevertheless "government assistance based on need" within § 550.37, subd. 14.[25]

After the Bankruptcy Court issued its opinion in this case, we addressed a similar issue under Missouri law.[26] In *In re Hardy*, the debtor claimed the

---

[21] Minn. Stat. § 290A.04, subd. 2a.

[22] *Id.*

[23] Minn. Stat. § 290A.04, subd. 2h.

[24] *Id.*

[25] *Accord In re Cheryl Marie Slennes*, Case No. 07-50801, Doc. No. 35 (*Order Overruling Objections of Trustee and United States of America to Debtor's Amended Claims of* Exemption) (Bankr. D. Minn. Aug. 8, 2008) and Doc. No. 39 (*Partial Transcript of Proceedings on August 6, 2008*) (holding that a property tax refund was exempt, even though "it may inure to somebody in the middle class."); *In re Kathleen Lorraine Padilla*, Case No. 13-32834-KAC (*Order*) (Bankr. D. Minn. Sept. 16, 2013) (overruling a trustee's objection to exemption under the property tax refund), *appeal docketed*, *Iannacone v. Padilla*, Civ. No. 13-2848-JRT (D. Minn. Oct. 16, 2013).

[26] *Hardy v. Fink* (*In re Hardy*), 503 B.R. 722 (B.A.P. 8th Cir. 2013).

7

refundable portion of her federal income tax refund attributable to the child tax credit exempt under a Missouri statute which provided an exemption for "public assistance benefits."[27] Since the Missouri statute at issue there did not define "public assistance benefits," we determined legislative intent by giving the statutory term its plain and ordinary meaning as found in a dictionary, as directed by Missouri's statutory construction guidelines.[28] We said:

> Merriam–Webster defines "public assistance" as "government aid to needy, aged, or disabled persons and to dependent children." Merriam–Webster's Collegiate Dictionary 1005 (11th ed. 2012). Random House defines it as "government aid to the poor, disabled, or aged or to dependent children, as financial assistance or food stamps." The Random House Dictionary of the English Language 1563 (2nd ed. 1987). Oxford Press defines it as "government benefits provided to the needy, usually in the form of cash or vouchers." New Oxford American Dictionary 1411 (3rd ed. 2010).[29]

Because the federal child tax credit was available to people with incomes up to $110,000 for married individuals and $75,000 for unmarried individuals – people who we determined cannot be said to be needy – we held that the child tax credit is not a "public assistance benefit" within the meaning of the Missouri statute.[30]

Although *Hardy* applied Missouri law, courts in Minnesota have similarly used dictionary definitions when a statutory term is not defined.[31] As stated, the

---

[27] Mo. Rev. Stat. § 513.430.1(10)(a).

[28] *In re Hardy*, 503 B.R. at 725 (*quoting Lapponese v. Carts of Colorado, Inc.*, ___ S.W.3d, ____, 2013 WL 6181892 at *4 (Mo. Ct. App. 2013)).

[29] *Id.*
[30] *Id.*

[31] *See, e.g., Amundson v. State*, 714 N.W.2d 715, 720 (Minn. App. 2006) (construing the statutory term "retired" according to its "ordinary meaning," and

text of the Minnesota statute exempts "government assistance based on need." "Government assistance," as used in the Minnesota Statute, is, for all practical purposes, the same as "public assistance" used in the Missouri statute. Indeed, it bears noting that the heading of § 550.37, subd. 14 of the Minnesota Statutes is "Public Assistance."[32] And, like the dictionary definition of public assistance, the Minnesota statute expressly requires that the government assistance here be "based on need" in order to be exempt.

The Debtor asserts that the refund is, in fact, "based on need." She points out that the Minnesota Supreme Court has said that "[t]he legislative intent in enacting [the Act] was to shift property tax burdens according to a family's ability to pay" and that "the overall purpose is equalization, not only economic and social, but geographical."[33] She essentially asserts, and the Court essentially held, that

---

using the American Heritage Dictionary definition to do so). *See also Ries v. Scarlett & Gucciardo, PA* (*In re Genmar Holdings, Inc.*), 496 B.R. 532 (B.A.P. 8th Cir. 2013) ("In the absence of a statutory definition or clear contrary legislative intent, statutory terms are given their plain, ordinary, and commonly understood meaning, and we turn to a commonly used dictionary to ascertain a word's ordinary meaning.") (internal quotation and bracket marks omitted) (quoting *Schumacher v. Cargill Meat Solutions Corp.*, 515 F.3d 867, 871 (8th Cir. 2008)).

[32] *See Martin v. Bucher* (*In re Martin*), 297 B.R. 750, 752 (B.A.P. 8th Cir. 2003 ) (interpreting Minnesota's exemption for "employee benefits" and holding that "[t]he heading of the statute, however, while not part of the statute, may be used to indicate what benefits the Minnesota legislature intended to exempt"); *Minnesota Exp., Inc. v. Travelers Ins. Co.*, 333 N.W.2d 871, 872 (Minn. 1983) ("Although this court is not permitted to consider the caption as part of the statute – Minn. Stat. § 648.36 (1982) [now § 645.49] – the headings are relevant to legislative intent where they were present in the bill during the legislative process.").

[33] *Nagaraja v. Comm'r of Revenue*, 352 N.W.2d at 376 (quoting *Murphy v. Hiniker*, 261 N.W.2d 836 (Minn. 1978)).

"need" does not necessarily mean "low-income" or "disadvantaged" or something similar.

To the contrary, as the Minnesota Court of Appeals observed in *Burns v. Einess*,[34] "[a]ll of the programs listed [in MINN. STAT. § 550.37, subd. 14] provide direct payments or subsidies *to address the basic economic needs of low-income recipients*." While we recognize that the list is not exclusive, the list is a strong indicator of the kinds of funds the Minnesota legislature intended to exempt. Indeed, the fact that it is a *refund* of a tax is telling: One of the reasons the Court in *Tomczyk* held that the federal EIC *is exempt* as "relief based on need" was that it is *not a refund*, inasmuch as a person is entitled to receive it regardless of whether they paid any taxes at all. But here, the property tax refund represents taxes which the Debtor has overpaid. If the Debtor had paid the correct amount, the cash remaining in the Debtor's pocket would not be exempt; likewise for the funds owed to the Debtor by virtue of that overpayment.

Finally, as the Trustee points out, under the language of the statute, if a person has received "government assistance based on need," then that person's earnings and salary are also exempt "for a period of six months after the debtor's return to employment or farming and after all public assistance for which eligibility existed has been terminated." If the Bankruptcy Court's interpretation of the statute is correct, then any person (regardless of income) who received a property tax refund under the Act is exempt from collection action by that person's

---

[34] 2011 WL 5829323 at *5 (Minn. Ct. App. Nov. 21, 2011) (not reported) (emphasis added).

10

creditors for six months. We view this as an absurd and unreasonable result which could not have been intended by the Minnesota legislature.[35]

In sum, for the same reasons articulated in *In re Hardy*, we conclude that the property tax refund at issue here is not "government assistance based on need,"[36] and is therefore not exempt under § 550.37, subd. 14.

## CONCLUSION

Based on the foregoing, the Order of the Bankruptcy Court permitting the Debtor's claimed exemption in her property tax refund as a "government assistance benefit" is REVERSED.

---

[35] Minn. Stat. § 645.17(1) (in ascertaining the intention of the legislature, the courts may be guided by the presumption that the legislature does not intend a result that is absurd, impossible of execution, or unreasonable).

[36] *Accord Asset Acceptance Corp. v. Hughes*, 706 N.W.2d 446, 448-49 (Mich. Ct. App. 2005) (holding that a homestead property tax credit was not exempt as a public assistance benefit under a Michigan statute because wealthy persons could benefit from it).