# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 16-6023

_____

In re: Sheri Lynn Hanson, formerly known as Sheri Lynn Alger

*Debtor*

------------------------------

Sheri Lynn Hanson

*Debtor - Appellant*

v.

Randall L. Seaver

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 8, 2016
Filed: January 6, 2017

_____

Before FEDERMAN, Chief Judge, SALADINO and NAIL, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge

The debtor appeals from an order of the bankruptcy court[1] sustaining the trustee's objection to an exemption claimed by the debtor. Specifically, the bankruptcy court held that a Minnesota property tax refund under Minn. Stat. Ann. § 290A.04 (West) is not exempt under Section 550.37 (Subd. 14) of the Minnesota statutes as "government assistance based on need," following this panel's decision in *Manty v. Johnson (In re Johnson)*, 509 B.R. 213 (B.A.P. 8th Cir. 2014). The debtor appeals, asserting that *Johnson* was implicitly overruled by a subsequent decision of the Eighth Circuit Court of Appeals in *In re Hardy*, 787 F.3d 1189 (8th Cir. 2015).

For the reasons set forth below, we affirm.

### *STANDARD OF REVIEW*

The panel reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *Manty v. Johnson (In re Johnson )*, 509 B.R. 213, 214 (B.A.P. 8th Cir. 2014) (citing *Addison v. Seaver (In re Seaver)*, 540 F.3d 805, 809 (8th Cir. 2008)). The bankruptcy court's statutory interpretation is a question of law that is subject to *de novo* review. *Id.* at 214-15 (citing *Graven v. Fink (In re Graven)*, 936 F.2d 378, 384-85 (8th Cir. 1991)). Likewise, the allowance or disallowance of an exemption is subject to *de novo* review. *Id.* at 215 (citing *Drenttel v. Jensen-Carter (In re Drenttel)*, 309 B.R. 320, 322 (B.A.P. 8th Cir. 2004)).

### *BACKGROUND*

Bankruptcy debtors in Minnesota may choose either the federal exemptions or the exemptions provided under Minnesota and other federal law. *Johnson*, 509 B.R. at 215 (citing *Martin v. Bucher (In re Martin)*, 297 B.R. 750, 751-52 (B.A.P. 8th Cir.

---

[1]The Honorable Michael E. Ridgway, United States Bankruptcy Judge for the District of Minnesota.

2003)). The debtor in this case opted to protect her assets under the Minnesota exemption provisions and claimed an exemption in a portion of a $1,500.00 property tax refund as government assistance based on need. The bankruptcy court sustained the Chapter 7 trustee's objection to the exemption, stating that the precedent of *Johnson* and *In re Padilla*, 513 B.R. 116 (D. Minn. 2014), precluded a contrary ruling.

Section 550.37 of the Minnesota statutes sets forth a list of property that may be claimed as exempt. Subdivision 14 of that statute in effect as of the petition date exempts public assistance, as follows:

> **Subd. 14. Public assistance**. All government assistance based on need, and the earnings or salary of a person who is a recipient of government assistance based on need, shall be exempt from all claims of creditors including any contractual setoff or security interest asserted by a financial institution. For the purposes of this chapter, government assistance based on need includes but is not limited to Minnesota family investment program, general assistance medical care, Supplemental Security Income, medical assistance, MinnesotaCare, payment of Medicare part B premiums or receipt of part D extra help, MFIP diversionary work program, work participation cash benefit, Minnesota supplemental assistance, emergency Minnesota supplemental assistance, general assistance, emergency general assistance, emergency assistance or county crisis funds, energy or fuel assistance, and food support. The salary or earnings of any debtor who is or has been an eligible recipient of government assistance based on need, or an inmate of a correctional institution shall, upon the debtor's return to private employment or farming after having been an eligible recipient of government assistance based on need, or an inmate of a correctional institution, be exempt from attachment, garnishment, or

levy of execution for a period of six months after the debtor's return to employment or farming and after all public assistance for which eligibility existed has been terminated. The exemption provisions contained in this subdivision also apply for 60 days after deposit in any financial institution, whether in a single or joint account. In tracing the funds, the first-in first-out method of accounting shall be used. The burden of establishing that funds are exempt rests upon the debtor. Agencies distributing government assistance and the correctional institutions shall, at the request of creditors, inform them whether or not any debtor has been an eligible recipient of government assistance based on need, or an inmate of a correctional institution, within the preceding six months.

Minn. Stat. Ann. § 550.37 (West).

The asset that the debtor claimed as exempt under that statute was a property tax refund the debtor received under the State of Minnesota Property Tax Refund Act, Minn. Stat. Ann. § 290A.01, *et. seq.* (West). The stated purpose of the Act is "to provide property tax relief to certain persons who own or rent their homesteads." Minn. Stat. Ann. § 290A.02 (West).

In *Johnson*, we determined that the Minnesota property tax refund was not "government assistance based on need" under Minn. Stat. Ann. § 550.37 (West) and, therefore, not exempt. In doing so, we described the property tax refund:

The Act sets out three ways an individual may be eligible for such a property tax refund. First, the Act provides a refund for homeowners whose property taxes are in excess of certain percentages of household income. This provision provides for a phase-out of the refund as income level increases. The household income limit for these homeowners in 2012 was $103,729.20. Second, Minnesota provides a refund to renters whose rent exceeds certain

percentages of their household incomes. Similar to the homeowners' refund, the statute has a phaseout of the renters' refunds as income increases. The household income limit for the renters' refund in 2012 was $56,219.22. And third, a homeowner may receive a refund if property taxes on a homestead increase more than twelve percent over the previous year, excluding increases attributable to improvements made to the property. This refund is available regardless of the homeowner's income.

*Johnson,* 509 B.R. at 217. We then discussed our decision in *In re Hardy*, 503 B.R. 722 (B.A.P. 8th Cir. 2013), which involved a similar issue under Missouri law. In that case, we affirmed the bankruptcy court's holding that the refundable component of the federal child tax credit, also known as the "additional child tax credit," was not an exempt "public assistance benefit" under Missouri law. After further discussion of the Minnesota property tax refund statute, we said, "In sum, for the same reasons articulated in *In re Hardy*, we conclude that the property tax refund at issue here is not 'government assistance based on need,' and is therefore not exempt under § 550.37, subd. 14." *Johnson,* 509 B.R. at 219.

*Hardy* was appealed to the Eighth Circuit Court of Appeals, which reversed. *In re Hardy*, 787 F.3d 1189 (8th Cir. 2015). The Court of Appeals focused on a series of amendments to the child tax credit statute in determining that Congress designed it to benefit low-income families and therefore it is need-based and within the Missouri exemption requirement for a public assistance benefit. The Eighth Circuit reached this conclusion after reviewing a decade's worth of legislative activity that made the credit available to all families with qualifying children, increased the amount of tax credit per child, increased the refundable portion of the tax credit, and lowered the threshold earned income amount for refund eligibility. The applicable tax tables indicated the phase-out income levels for various family sizes were modest – one example in the opinion showed the refundable credit for a single parent with two children phasing out completely at $37,550.00. 787 F.3d at 1196. The substantive

effect of the amendments, the court observed, "substantially shifted the balance between providing incentives for taxpayers to earn income, on the one hand, and simply providing benefits to the needy, on the other." *Id.* at 1195.

In this appeal, the debtor argues that our decision in *Johnson* was implicitly overruled by the reversal of our decision in *Hardy* by the Eighth Circuit. We disagree.

## *DISCUSSION*

In the Eighth Circuit, it is clear that under most circumstances, a decision by one panel binds a subsequent panel addressing the same issue:

> "[A]bsent an intervening opinion by a [state] court," we are bound by a prior panel's interpretation of state law. *Washington v. Countrywide Home Loans, Inc.*, 747 F.3d 955, 958 (8th Cir. 2014); see also *Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (quoting *Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002))).

*Neidenbach v. Amica Mut. Ins. Co.*, 842 F.3d 560, 566 (8th Cir. 2016). However, the rule regarding the binding precedent of a previous panel decision "does not apply when the earlier panel decision is cast into doubt by an intervening Supreme Court decision." [*United States v. Anderson*, 771 F.3d 1064, 1066-67 (8th Cir. 2014)] (citing [*United States v.*] *Williams*, 537 F.3d [969,] 975 [(8th Cir. 2008)]). *United States v. Eason*, 829 F.3d 633, 641 (8th Cir. 2016).

Accordingly, our earlier decision in *Johnson* is binding on this panel, absent an intervening opinion on the issue by a state court – which has not been alleged – or an intervening decision by a higher court which casts doubt on the earlier panel's decision. The debtor asserts that our decision in *Johnson* was overruled by the Eighth

Circuit's decision in *Hardy*. For several reasons, we determine that it was not overruled – implicitly or otherwise.

In *Hardy*, the Eighth Circuit actually agreed with much of our analysis, saying: "We agree with the BAP that 'public assistance benefits' are those government benefits provided to the needy." 787 F.3d at 1193. Ultimately, the Court of Appeals held that the Additional Child Tax Credit met that definition, basing its decision in large part on amendments to the statute since its inception:

> As evidenced by the various amendments to the initial CTC and the accompanying legislators' comments about those changes, the intent of the legislature when modifying the ACTC was to benefit low income families. The ACTC has fulfilled Congress's goals. In practice, it appears to overwhelmingly benefit low-income families.

*Id.* at 1196.

Of course, the amendments to the federal Additional Child Tax Credit statute discussed in *Hardy* have no bearing on the Minnesota property tax refund statute at issue here and in *Johnson*. However, the debtor in this case set out the legislative history of the Minnesota Property Tax Refund Act in an effort to show this court that through "numerous changes and adjustments to the form of, manner of, amount of, and qualification for relief under the Act . . . , the Legislature has not abandoned its purpose of providing relief to homeowners based upon the Legislature's determination of need." Appellant's Br. at 13. We disagree.

A review of that history indicates the legislature has never tailored the refund to low-income homeowners. In 1994, the Minnesota Legislature made the property tax refund more readily available to higher income individuals by reducing the "percent paid by claimant" and increasing the refund available to all claimants other than those in the highest income bracket. The refund eligibility phase-out level was

also increased to $61,929.00. In 2001, the statute was further amended to increase the maximum household income eligibility to $77,519.00. In 2008, the legislature decreased the percentage-of-income threshold for the top five income brackets from 4.0% to 3.5%. In 2011, the maximum refund was increased to $2,460.00, and the maximum eligible household income level was increased to $100,779.00. In 2013, the legislature increased the maximum refund available to $2,580.00, and raised the phase-out to household incomes exceeding $105,500.00. The 2013 changes also lowered the threshold percentage for determining eligibility for all homeowners with household incomes exceeding $19,530.00, including those individuals at the highest income brackets. The amendments to the Minnesota Property Tax Refund Act demonstrate the legislature's intent to make the refund available to individuals besides the needy by raising the maximum eligible household income and lowering the threshold income percentage for higher income individuals. There is no basis in the legislative history for a finding that the Act was intended to benefit low-income homeowners.

Finally, counsel for the debtor acknowledged at oral argument that this appeal only involves subdivision 2 of section 290A.04 of the State of Minnesota Property Tax Refund Act. That is because one of the other ways to obtain a refund under the Act is set forth at subdivision 2h of section 290A.04. That subdivision provides an additional property tax refund to homeowners whose property taxes increased more than 12% over the prior year. This additional refund is available without regard to income level or need and is instructive in interpreting a different subsection of the same statute.

> When engaging in statutory interpretation we must "read and construe the statute as a whole, giving effect wherever possible to all of its provisions, and interpret[ing] each section in light of the surrounding sections to avoid conflicting interpretations." *Eclipse Architectural Grp.,*

*Inc. v. Lam*, 814 N.W.2d 692, 701 (Minn. 2012) (citation omitted).

*Minnesota ex rel. N. Pac. Ctr., Inc. v. BNSF Ry. Co.*, 686 F.3d 567, 572 (8th Cir. 2012).

## *CONCLUSION*

To be clear, *Hardy* in no way alters the ruling in *Johnson*. The issue in *Johnson* and in this case is whether the property tax refund is "government assistance based on need," and in *Johnson* we looked to legislative expression and other Minnesota cases in determining that the property tax refund is not a need-based benefit because it goes beyond addressing the basic economic necessities of low-income persons. The statute has not changed significantly since *Johnson*, and neither has our interpretation of it. *Johnson* is still good law, the Minnesota Property Tax Refund Act does not provide government assistance based on need, and the decision of the bankruptcy court is hereby affirmed.

_____