MARKMAN, J.
We granted leave to appeal to consider whether defendant is exempt from liability pursuant to the recreational land use act (RUA), MCL 324.73301(1), for injuries plaintiff sustained while riding an all- *663 terrain vehicle (ATV) on defendant’s property. The trial court granted defendant’s motion for summary disposition, concluding that the RUA bars plaintiffs cause of action against defendant. The Court of Appeals reversed, holding that defendant is not exempt from liability for injuries that occurred to plaintiff while riding an ATV on the mowed portion of defendant’s backyard because the RUA only pertains to injuries that occur on “large tracts of undeveloped land.” Because there is nothing in the RUA that indicates that it pertains only to “large tracts of undeveloped land,” we reverse the judgment of the Court of Appeals and reinstate the trial court’s order of summary disposition in favor of defendant.
I. PACTS AND PROCEDURAL HISTORY
Plaintiff injured her back while riding as a passenger on defendant’s ATV, which was being driven by defendant’s brother on defendant’s property in the village of Dimondale.[1] When defendant’s brother drove over an uneven area of defendant’s lawn, plaintiff was bounced on the ATV, causing her to suffer injuries to her lower back. Defendant’s property is an eleven-acre lot that is zoned residential. Although portions of the lot are wooded, plaintiff was injured while riding on the mowed portion of defendant’s backyard. The trial court granted defendant’s motion for summary disposition on the basis that the RUA bars plaintiffs cause of action against defendant. However, on the basis of this Court’s decision in Wymer v Holmes, 429 Mich 66, 79; 412 NW2d 213 (1987), that the RUA only applies to “large *664 tracts of undeveloped land,” the Court of Appeals reversed and remanded the case for continued proceedings.[2] After this Court directed the parties to present oral argument on whether to grant the application or take other action permitted by MCR 7.302(G)(1),[3] and having heard such argument, we granted defendant’s application for leave to appeal.[4]
II. STANDARD OP REVIEW
At issue in this case is the proper interpretation of MCL 324.73301(1). The proper interpretation of a statutory provision is a question of law that this Court reviews de novo. Morales v Auto-Owners Ins Co, 469 Mich 487, 490; 672 NW2d 849 (2003). Likewise, a trial court’s ruling on a summary disposition motion is a question of law that this Court reviews de novo. Schmalfeldt v North Pointe Ins Co, 469 Mich 422, 426; 670 NW2d 651 (2003).
III. ANALYSIS
The RUA, MCL 324.73301(1), provides:
Except as otherwise provided in this section, a cause of action shall not arise for injuries to a person who is on the land of another without paying to the owner, tenant, or lessee of the land a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use or trail use, with or without permission, against the owner, tenant, or lessee of the land unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner, tenant, or lessee.
*665 In Wymer, the plaintiffs decedent suffered injuries while swimming on the defendants’ property. This Court held that the defendants could be held liable for the plaintiffs injuries because “the [RUA] was intended to apply to large tracts of undeveloped land suitable for outdoor recreational uses. Urban, suburban, and subdivided lands were not intended to be covered by the RUA.” Wymer, supra at 79.
Defendant contends that our decision in Wymer should be overruled because it is inconsistent with the plain language of the RUA. We agree. “[0]ur primary task in construing a statute, is to discern and give effect to the intent of the Legislature.” Sun Valley Foods Co v Ward, 460 Mich 230, 236; 596 NW2d 119 (1999). “The words of a statute provide ‘the most reliable evidence of its intent....’” Id., quoting United States v Turkette, 452 US 576, 593; 101 S Ct 2524; 69 L Ed 2d 246 (1981). Although the Wymer Court noted that its task was to ascertain the legislative intent, it failed to recognize that the language of the statute is the best source for determining legislative intent. Instead, Wymer found it “reasonable to assume that the Michigan statute has the similar general purpose of similar acts in other jurisdictions ... .”[5] Wymer, supra at 77. That purpose being to “ ‘open[] up and mak[e] available vast areas of vacant but private lands to the use of the general public” in order to “promot[e] tourism.’ ” Id. at 78, quoting Thomas v Consumers Power Co, 58 Mich App 486, 495-496; 228 NW2d 786 (1975). If that were the Legislature’s purpose, it could have used the *666 words “vacant or undeveloped land of another,” rather than the words “the lands of another.”[6]
Before Wymer, in Winiecki v Wolf, 147 Mich App 742, 745; 383 NW2d 119 (1985), in which the plaintiff was injured while playing with “land skis” in the defendants’ backyard, the Court of Appeals concluded that the EUA precluded the plaintiffs action against the defendants, stating:
[The RUA], as the trial court has already observed, is clear and unambiguous. Plaintiff was a person on the lands of another, without paying a consideration, for the purpose of an outdoor recreational use. The statute offers nothing on its face excluding from its application the backyard of residential property. If the Legislature did not intend the statute to apply to parcels of land this size, it was within its power to insert words limiting the statute’s application, e.g., to lands in their natural state. As we, however, are constrained to apply the statute as written, we cannot say that the trial court erred in relieving defendants of liability based on the recreational use statute.
This understanding of the RUA is truer to the language of the RUA than is the Wymer Court’s interpretation of the RUA. There is absolutely no indication in the language of the RUA that the Legislature intended its application to be limited to vacant or undeveloped lands. As the Court of Appeals in the instant case stated, “[ajlthough nothing in the statutory language *667 indicates that the statute is not applicable to the backyards of residential property such as defendant’s, the statute has been construed to apply ‘to large tracts of undeveloped land suitable for outdoor recreational uses,’ not to ‘[u]rban, suburban, and subdivided lands Slip op at 2 (citations omitted).[7] Because this construction is, as the Court of Appeals itself recognized, not supported by the statutory language, we are compelled to abandon this construction and overrule Wymer.[8]
The RUA makes no distinction between large tracts of land and small tracts of land, undeveloped land and developed land, vacant land and occupied land, land suitable for outdoor recreational uses and land not suitable for outdoor recreational uses, urban or suburban land and rural land, or subdivided land and unsubdivided land.[9] To introduce such distinctions into the act is to engage in what is essentially legislative decision-making. The RUA simply states that an owner of land is not liable to a person who injures himself on the owner’s land if that person has not paid for the use *668 of the land and that person was using the land for a specified purpose,[10] unless the injuries were caused by the owner’s gross negligence or willful and wanton misconduct. The statute contains no limitation on the type of land involved, but rather applies to specified activities that occur “on the land of another . ...” MCL 324.73301(1). That is, the act limits its application to specified activities, but it does not limit its application to any particular type of land. Therefore, an owner is not liable to a nonpaying outdoor recreational user of his land, unless the user’s injuries are caused by the owner’s gross negligence or willful and wanton misconduct.[11]
*669 The dissent mischaracterizes our opinion by stating that our “interpretation eliminates the liability of a landowner, tenant, or lessee when a person who does not pay consideration and who participates in any outdoor recreational activity is injured .. .Post at 673 (emphasis in original). Contrary to the dissent’s suggestion, the RUA does not apply to any outdoor recreational activity. Rather, it only applies to “fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use ... .” MCL 324.73301(1). Under the statutory construction doctrine known as ejusdem generis, where a general term follows a series of specific terms, the general term is interpreted “to include only things of the same kind, class, character, or nature as those specifically enumerated.” Huggett v Dep’t of Natural Resources, 464 Mich 711, 718-719; 629 NW2d 915 (2001). Therefore, the language “other outdoor recreational use” must be interpreted to include only those outdoor recreational uses “of the same kind, class, character, or nature,” id, as “fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, [and] *670 snowmobiling ...MCL 324.73301(1).[12] While the dissent apparently believes that jump-roping and playing hopscotch, pin-the-tail-on-the-donkey, shuffleboard, and horseshoes are of the “same kind, class, character, or nature” as “fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, and snowmobiling ...” post at 675 n 2, we see no need to address these or any other activities that are not at issue in this case.
In this case, plaintiff was injured “on the land of another without paying to the owner... a valuable consideration for the purpose of.. . an[] . . . outdoor recreational use . . . ,”[13] Id. Plaintiff does not contest *671 the fact that riding an ATV on another’s land is \an outdoor recreational use of another’s land within the meaning of the RUA. There is no evidence that plaintiffs “injuries were caused by the gross negligence or willful and wanton misconduct of the owner ... .”[14] Id. Thus, pursuant to the RUA, defendant owner cannot be held liable for these injuries.
rV. CONCLUSION
The RUA exempts an owner of land from liability for injuries suffered by a person while that person is using the owner’s land for specified purposes if that person has not paid the owner a valuable consideration for such use, unless the injuries were caused by the owner’s gross negligence or willful and wanton misconduct. This exemption applies to the owners of large tracts of land and small tracts of land, undeveloped land and developed land, vacant land and occupied land, land suitable for outdoor recreational uses and land not suitable for outdoor recreational uses, urban or suburban land and rural land, and subdivided land and unsubdivided land. Plaintiff injured herself while using defendant’s land for a specified purpose (riding an ATV) without having paid defendant a valuable consideration *672 for this use, and her injuries were not caused by defendant’s gross negligence or willful and wanton misconduct. Thus, pursuant to the RUA, defendant cannot be held liable for plaintiffs injuries. Accordingly, we reverse the judgment of the Court of Appeals and reinstate the trial court’s order of summary disposition in favor of defendant.
Corrigan, C.J., and Weaver, Taylor, and Young, JJ., concurred with MARKMAN, J.

 An “atv” is defined as a “3- or 4-wheeled vehicle designed for off-road use that has low-pressure tires, has a seat designed to he straddled by the rider, and is powered by a 50cc to 500cc gasoline engine or an engine of comparable size using other fuels.” MCL 324.81101(a).

 Unpublished opinion per curiam, issued September 17, 2002 (Docket No. 230494).

 469 Mich 872 (2003).

 469 Mich 942 (2003).

 It is impossible for us to determine whether these other acts are indeed “similar” to Michigan’s act in any particular respect because Wymer failed to cite any of these “similar acts.”

 Immediately before Wymer, supra, stated that the purpose of the rua is to make available to the public “vast areas of vacant but private lands,” id. at 78, it asserted that the purpose of the rua is “to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes.” Id. at 77. Although we agree that the purpose of the RUA is to encourage owners of private land to make their land available to the public, we can find no basis to conclude that the purpose of the rua is to encourage only owners of vast areas of vacant private land in this regard.

 This language suggests that the Court of Appeals might well have reached a different conclusion in this case had it not been bound by Wymer.

 Although we recognize the importance of stare decisis, we conclude that it is appropriate to overrule Wymer because it is clearly inconsistent with the language of the RUA and, thus, was wrongly decided. Further, there are no relevant “reliance” interests involved and overruling Wymer would, therefore, not produce any “practical real-world dislocations.” See Robinson v Detroit, 462 Mich 439, 465-466; 613 NW2d 307 (2000).

 We disagree with the dissent’s assertion that an “urban residential backyard” is not a natural resource. Post at 674 (emphasis in original). Rather, in our judgment, land is a natural resource whether it is urban or rural, residential or non-residential, someone’s backyard or a state park. See Random House Webster’s College Dictionary (1991) (defining “natural resources” as “the natural wealth of a country, consisting of land. ..”).

 We use the terms “specified purpose” and “specified activity” throughout this opinion as a summary phrase for describing “fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use or trail use ... .” See MCL 324.73301(1).

 Plaintiff and the dissent argue that the fact that the Legislature amended the RUA after Wymer was decided, but did not amend the language at issue here, means that the Legislature must have agreed with the Wymer Court’s interpretation of the RUA. However, as we recently explained in People v Hawkins, 468 Mich 488, 507-510; 668 NW2d 602 (2003), neither “legislative acquiescence” nor the “reenactment doctrine” may “be utilized to subordinate the plain language of a statute.” “Legislative acquiescence” has been repeatedly rejected by this Court because “Michigan courts [must] determine the Legislature’s intent from its words, not from its silence.” Donajkowski v Alpena Power Co, 460 Mich 243, 261; 596 NW2d 574 (1999). Although, where statutory language is ambiguous, the reenactment doctrine may be a more useful tool of construction, “[i]n the absence of a clear indication that the Legislature intended to either adopt or repudiate this Court’s prior construction, there is no reason to subordinate our primary principle of construction—to ascertain the Legislature’s intent by first examining the statute’s language—to the reenactment rule.” Id. at 508-509.
The dissent concludes that the fact that the Legislature amended § 73301(2) of the RUA to apply to “land of any size, including, but not limited to, urban, suburban, subdivided, and rural land,” but did not similarly amend § 73301(1) is a “clear indication” of its intentions. Post at *669 676. The dissent is correct that the amendment of § 73301(2) represents a clear indication of intentions. It is a clear indication that the Legislature intended § 73301(2) to apply to “land of any size including, but not limited to, urban, suburban, subdivided, and rural land.” However, contrary to the dissent’s assertion, it is not a clear indication that the Legislature intended § 73301(1) to only apply to “large, undeveloped tracts of land.” Post at 675-676. Section 73301(1) of the rua refers to “the land of another.” “Land” is defined as “any part of the earth’s surface ... not covered by a body of water.” Random House Webster’s College Dictionary (1991). Section 73301(1) unambiguously applies to “land,” and “a court may read nothing into an unambiguous statute.” Roberts v Mecosta Co Gen Hosp, 466 Mich 57, 63; 642 NW2d 663 (2000). Therefore, we reject the dissent’s view that the word “land” in § 73301(1) means only “large, undeveloped tracts of land.” Post at 675.

 The dissent uses the doctrine of ejusdem generis to conclude that the rua only applies to “large undeveloped tracts of land.” Post at 675. As noted above, the doctrine of ejusdem generis, applies where a general term follows a listing of several specific terms. The rua uses the general term “land.” The dissent applies the doctrine of ejusdem generis to define the term “land.” However, the term “land” does not follow a listing of specific terms. Therefore, while it is appropriate to apply the doctrine of ejusdem generis to “other recreational uses” because it follows a listing of several specific types of recreational uses, it is not appropriate to apply the doctrine of ejusdem generis to “land” because “land” does not follow a listing of several specific types of land.

 Plaintiff argues in the alternative that the rua does not apply because plaintiff was not on defendant’s property for the “purpose” of an outdoor recreational use, but, rather, was on defendant’s property for the “purpose” of a social visit. In other words, plaintiff argues that the RUA only applies to individuals who enter upon land with the specific intent of using the land for a specified purpose; it does not apply to individuals who enter the land for some other purpose, such as a social visit, and who, incidentally to this purpose, subsequently use the land for a specified purpose. We disagree. Plaintiff, like the Court in Wymer, is adding words to the act that simply are not there. The RUA states that an owner of land is not hable for injuries to a person who is “on the [owner’s] land” “for the purpose of” a specified activity. Nothing in the act’s language limits its application to individuals who enter the land for the purpose of a specified activity. Rather, the act clearly applies to individuals who, at the time of the injury, are on the land of another for a specified purpose. One’s initial purpose for entering the land is not relevant.

 Plaintiff contends that defendant should be held hable for plaintiffs injuries even if the RUA does apply because plaintiffs injuries were caused by defendant’s gross negligence or willful and wanton misconduct. Although plaintiff alleged in her complaint that her injuries were caused by defendant’s negligence, nowhere in her complaint does she allege that her injuries were caused by defendant’s gross negligence or willful and wanton misconduct. Moreover, even if plaintiffs allegations are accented as true, i.e., that defendant knew of the dangers of operating an ATV with a passenger on it, and of driving the ATV over the uneven area of his backyard, and yet failed to warn plaintiff of these dangers, these allegations still do not support plaintiffs contention that her injuries were caused by defendant’s gross negligence or willful and wanton misconduct.