# STATE OF MICHIGAN

# COURT OF APPEALS

HOLIDAY PARK REALTY, LLC,

        Plaintiff-Appellant,

v

CITY OF LANSING,

        Defendant-Appellee,

and

INGHAM COUNTY DRAIN COMMISSIONER, COUNTY OF INGHAM and PAWLOWSKI CREEK DRAIN DRAINAGE DISTRICT,

        Defendants.

UNPUBLISHED
July 14, 2015

No. 321269
Ingham Circuit Court
LC No. 13-000245-NZ

Before: O'CONNELL, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, Holiday Park Realty, LLC, appeals by right the trial court's order granting the motion for summary disposition by defendant, City of Lansing.[1]  Because we conclude there were no errors warranting relief, we affirm.

## I. BASIC FACTS

In July 2011, water flooded property owned by Holiday Park after rain events.  In March 2013, Holiday Park sued the City on the grounds that the City's sewage disposal system had a defect that was a substantial proximate cause of the flooding and property damage.

---

[1] The other defendants were dismissed from the case and are not parties to this appeal.

-1-

The City moved for summary disposition under MCR 2.116(C)(7) and (C)(10) in February 2014. It argued that the undisputed evidence showed that its drain was not a substantial proximate cause of the flooding of Holiday Park's property.

The City relied in part on the affidavit of its expert professional engineer, Steven VandenBrink. He averred that there was no basis for believing that the drain was impeded by obstructions during the time of the rainfall at issue. VandenBrink evaluated the onsite storm drainage for Holiday Park's property and determined that the open drain was not inadequate or defective. He opined that the substantial proximate cause of the flooding in 2011 was Holiday Park's inadequately sized private storm sewer system, combined to a lesser extend with surcharged conditions produced by the unprecedented storm events. The surcharged conditions downstream of the site, VandenBrink stated, caused high water levels resulting in overflows into the subject property.

Holiday Park's expert, Thomas Deneau, who is a licensed professional engineer, testified at his deposition that there was a defect in the condition of the City's open drain behind the property—namely, that the drain could have been blocked by debris. However, he did not know for a fact that pallets or other debris were actually in the drain on the days at issue, let alone that the debris caused plugging. He acknowledged that his assumption about pallets being in the drain at the time of the incident was "conjecture." Deneau nevertheless disagreed with VandenBrink's statements concerning the contribution to the flooding caused by the onsite drainage system, which he opined was at most only 7.45 percent the cause of the flood.

The trial court determined that the City had presented evidence that its drain did not have a defect that was a substantial proximate cause of the flooding on Holiday Park's property. Because Holiday Park failed to present evidence to establish a question of fact on that issue, the sewage disposal system event exception to governmental immunity did not apply. See MCL 691.1417(2). Accordingly, it dismissed Holiday Park's claim against the City.

## II. SUMMARY DISPOSITION

### A. STANDARDS OF REVIEW

On appeal, Holiday Park argues that the trial court erred when it determined that there was no question of fact as to whether the sewage event exception to governmental immunity applied. This Court reviews de novo a trial court's decision on a motion for summary disposition. *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013). This Court also reviews de novo the trial court's interpretation and application of the statutes establishing an exception to governmental immunity. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004).

### B. SUMMARY DISPOSITION

A trial court properly dismisses a claim under MCR 2.116(C)(7) when the moving party is entitled to immunity granted by law. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). A governmental entity can establish that it is entitled to immunity in two ways: it may show that the plaintiff failed to plead in avoidance of governmental immunity or, if the plaintiff effectively pleaded in avoidance of governmental immunity, it can present evidence, which if left

unrebutted, shows that the exception to governmental immunity pleaded by the plaintiff does not apply. See *Yono v Department of Transportation (On Remand)*, 306 Mich App 671, 678-680; 858 NW2d 128 (2014). If the nonmoving party responds with evidence sufficient to establish a question of fact as to whether immunity applies, the trial court must deny the motion. *Id.* at 680.

A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). The moving party must support the motion with evidence that, if left unrebutted, would establish that the moving party is entitled to judgment as a matter of law. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009); MCR 2.116(G)(3). If the moving party properly supports his or her motion, the burden shifts to the nonmoving party to establish a genuine issue of fact. *Barnard Mfg*, 285 Mich App at 370.

The City is generally immune from tort liability whenever it is engaged in the exercise or discharge of a governmental function. *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 595; 363 NW2d 641 (1984). Under MCL 691.1417(2), the City is immune from liability for "the overflow or backup of a sewage disposal system unless the overflow or backup is a sewage disposal system event and the governmental agency is an appropriate governmental agency." MCL 691.1416(k) defines a "sewage disposal system event" to mean the "backup of a sewage disposal system onto real property." In relevant part, an overflow or backup is not a sewage disposal event if a connection to the sewage system on the affected property was a substantial proximate cause of the overflow or backup. MCL 691.1416(k)(ii). Substantial proximate cause means "a proximate cause that was 50% or more of the cause of the event and the property damage or physical injury." MCL 691.1416(*l*).

In its motion for summary disposition, the City presented evidence that its drainage system was not obstructed and that the cause of the flooding was the extraordinary rainfall coupled with the inadequate onsite drainage for Holiday Park's property. In response to the City's motion, Holiday Park endeavored to establish a material question of fact as to whether its system was a substantial proximate cause of the flooding with Deneau's expert testimony.

In order to establish a question of fact, an expert's testimony must be more than mere conjecture and speculation. *Bennett v Detroit Police Chief*, 274 Mich App 307, 319; 732 NW2d 164 (2006). Assuming that VandenBrink's calculations were correct regarding the amount of water that drained directly into the subject property, Deneau opined that this amount would only account for 7.45 percent of the water in the subject property as a result of the July 2011 flood. He further stated that the size of the pipes that are part of Holiday Park's onsite drainage system and the size of the sump pumps were irrelevant to the flooding at issue. Based on these opinions, Holiday Park argues that its onsite drainage system was not more than 50 percent the cause of the flooding. But Deneau admitted that he had not assessed the onsite drainage system and sump pumps and repeatedly stated that he did not know when asked about the specific capabilities of the onsite system. Thus, his opinion was mere conjecture and did not establish that Holiday Park's onsite drainage system was not a substantial proximate cause of the flooding. *Id.* Even assuming that his testimony established that the onsite system was not more than 7.45 percent at fault for the flooding, that conclusion does not permit an inference that the City's drainage system was responsible for the balance of the flooding.

Even if there is a sewage disposal system event, the governmental agency will not be liable for the event unless the claimant can show that the "sewage disposal system had a defect" and the defect "was a substantial proximate cause of the event and the property damage or physical injury." MCL 691.1417(3); see also *Willett v Waterford Twp*, 271 Mich App 38, 49-50; 718 NW2d 386 (2006) (characterizing the elements stated under MCL 691.1417[3] as requirements that must be met to avoid governmental immunity). A "defect" for purposes of the act is "a construction, design, maintenance, operation, or repair defect." MCL 691.1416(e).

Holiday Park contends that there was evidence that the City's drainage system was defective. Specifically, it presented evidence that the City failed to maintain the drainage system and that it had vegetation overgrowth that allowed for debris to become stuck and dam the drain. The evidence on which Holiday Park relied for this proposition were statements that drain maintenance was generally necessary to prevent vegetation overgrowth that could lead to the accumulation of debris and that if the drain had been clean there was a good chance that no flooding would have occurred. Holiday Park presented expert opinion that anything like a pallet or a shopping cart in the drain that got stuck in the trees along the bank could cause a plugging and create flooding. However, merely presenting an expert's opinion that debris *could* cause a drain to plug was not sufficient to establish that the drain actually had become plugged. *Bennett*, 274 Mich App at 319. Such an opinion is "simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference." *Karbel v Comerica Bank*, 247 Mich App 90, 98; 635 NW2d 69 (2001) (quotation marks and citation omitted).

When asked whether pallets caused the drain to be plugged, Deneau testified that the pallets "could have" plugged the drain, but stated that he did not know for a fact that they had. He conceded that he did not know where the pallets were during the events at issue. He did not know what debris—if any—was in the drain during the rain events and agreed that the only thing that was known for sure was that there was vegetation or trees along the bank. This testimony was insufficient to establish that the pallets actually played a role in the flooding. While circumstantial evidence may be sufficient to establish a case, a party opposing a motion for summary disposition must present more than speculation or conjecture to meet its burden of establishing a question of fact sufficient to defeat a motion for summary disposition. *Karbel*, 247 Mich App at 97. Deneau's testimony was that the pallets might have played a role, but he could not state whether they in fact played a role; it was just as plausible—if not more plausible—that the unprecedented rainfall caused the flooding. No witness indicated that the pallets were actually present in the drain at the time of the July 2011 flood period. Holiday Park failed to present any evidence that flooding at issue was caused by inadequate maintenance of the drain. The mere fact that the overgrowth of vegetation could lead to the accumulation of debris in the drain is insufficient to establish that the drain was defective, and particularly, that such defect arose out of the City's failure to maintain it.

There was no question of fact as to whether there was a defect in the drain that was a substantial proximate cause of the flooding. MCL 691.1417(3)(b). Consequently, the trial court did not err when it dismissed Holiday Park's claim against the City. *Barnard Mfg*, 285 Mich App at 375.

There were no errors warranting relief.

Affirmed.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Michael J. Kelly