*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SONYA BOYKIN, Individually and as Next Friend to TB, a Minor,

      Plaintiff-Appellee,

v

DEZHANEA SAMERI RICE, WILSON CHARLES RICE, JR., USAA CASUALTY INSURANCE COMPANY, LA INSURANCE AGENCY XLV, INC., and JOHN DOE INSURANCE AGENT,

      Defendants,

and

USA UNDERWRITERS,

      Defendant-Appellant,

and

FARMERS INSURANCE EXCHANGE,

      Defendant-Appellee.

UNPUBLISHED
September 09, 2025
12:56 PM

No. 370229
Wayne Circuit Court
LC No. 22-008685-NI

Before: ACKERMAN, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

-1-

Defendant USA Underwriters appeals by leave granted[1] three orders entered by the trial court in this action involving first- and third-party claims under the no-fault act, MCL 500.3101 *et seq*. We reverse in part, vacate in part, and remand for proceedings consistent with this opinion.

## I. BACKGROUND

This case arises from injuries that plaintiff, Sonya Boykin, and her son, TB, sustained on July 24, 2021, when they were struck by a 2008 Chevrolet driven by defendant Dezhanea Sameri Rice, and a 2008 Dodge Ram driven by defendant Wilson Charles Rice, Jr., in the city of Detroit. An altercation had broken out between members of the Boykin and Rice families, when the Rice defendants, driving their respective vehicles, hit both plaintiff and TB as they attempted to break up the fight. Plaintiff had applied for no-fault insurance just three days earlier through LA Insurance Agency. Plaintiff testified that she told the insurance agent that she wanted to obtain no-fault insurance for her van but did not have a driver's license, only a state identification card. According to plaintiff, the insurance agent still processed plaintiff's no-fault-insurance application, which plaintiff signed. In the "Driver Information" portion of the application, the agent listed plaintiff's driver's license number as confirmed by plaintiff at her deposition; under "DL Status," the application stated, "Valid"; and under "Yrs Driving Exp," the application stated "27." Plaintiff initialed this portion of the application. The application also asked plaintiff whether her driver's license was suspended or had been suspended in the last three years, and plaintiff answered "no" to each question and initialed next to her answer. After plaintiff and TB were injured, USA Underwriters discovered that plaintiff did not have a valid driver's license when she applied for insurance, so it sent plaintiff a letter unilaterally rescinding the no-fault policy it issued to her on the basis of plaintiff's misrepresentation in her application for insurance.

USA Underwriters accordingly refused to pay no-fault benefits to plaintiff and TB, causing plaintiff to bring this action seeking to recover those benefits. USA Underwriters eventually moved for summary disposition under MCR 2.116(C)(10) as to plaintiff, individually, claiming that plaintiff could not recover under the terms of the no-fault policy as it was void *ab initio* because of her fraud. USA Underwriters attached to its motion an affidavit signed by Takara Thompkins, an underwriter for USA Underwriters, in which Thompkins averred that, if plaintiff had provided accurate information about her driver's license in her application for insurance, then USA Underwriters would not have issued her coverage.

In response, plaintiff claimed that, based on her driving record from the Michigan Secretary of State, she actually had a valid driver's license when she applied for insurance, so she did not make any misrepresentation. She further contended that, regardless, any alleged misrepresentation she made was not made knowingly.

Defendant Farmers Insurance Exchange, the insurer assigned to plaintiff's and TB's claims by the Michigan Assigned Claims Plan, also responded to USA Underwriters' motion, asking that USA Underwriters' motion be denied and that the court grant summary disposition in Farmers' favor under MCR 2.116(I)(2). According to Farmers, USA Underwriters could not rescind its

---

[1] *TB v Rice*, unpublished order of the Court of Appeals, entered September 18, 2024 (Docket No. 370229).

policy with plaintiff (and was thus the highest-priority insurer) because plaintiff never misrepresented anything to USA Underwriters. In particular, Farmers contended that plaintiff never denied having a valid driver's license because USA Underwriters' application never asked that question—the application only asked whether plaintiff's license was "suspended, expired, or revoked" either currently or within the last three years, and plaintiff truthfully answered that it was not. Plaintiff's license was, according to Farmers, last suspended on February 17, 2017, which was over three years before she signed her application for insurance.

Farmers also moved for summary disposition with respect to TB, claiming that USA Underwriters could not seek rescission of its policy as to TB, an innocent third party, before the trial court weighed the equities of the case. USA Underwriters responded that a balancing of the equities weighed in favor of rescission.

The trial court, after holding a hearing on all of these motions, denied USA Underwriters' motion for summary disposition as to plaintiff, individually; and granted both Farmers' countermotion for summary disposition as to plaintiff, individually, and Farmers' motion for summary disposition as to TB, effectively concluding that USA Underwriters was the highest-priority insurer with respect to both plaintiff and TB. The trial court reasoned that, on the basis of plaintiff's certified driving record, "there wasn't a material misrepresentation about her driver's license" in her application for insurance. It is from these rulings that USA Underwriters appeals.

## II. RESCISSION AS TO PLAINTIFF, INDIVIDUALLY

USA Underwriters first argues that the trial court erred by denying USA Underwriters' motion for summary disposition as to plaintiff, individually—and thus necessarily also erred by granting Farmers' countermotion for summary disposition—because there was no genuine issue of material fact that plaintiff fraudulently obtained her policy from USA Underwriters by making material misrepresentations in her application for insurance. We agree.

## A. STANDARD OF REVIEW

A trial court's decision to grant or deny summary disposition is reviewed de novo. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). USA Underwriters moved for summary disposition under MCR 2.116(C)(10). A (C)(10) motion "tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion." *Id*. at 119-120. A motion for summary disposition under MCR 2.116(C)(10) is properly granted when a claim presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006).

The trial court denied USA Underwriters' (C)(10) motion and granted summary disposition to Farmers under MCR 2.116(I)(2). A motion for summary disposition is properly granted under

MCR 2.116(I)(2) "[i]f it appears to the court that the opposing party, rather than the moving party, is entitled to judgment."

## B. ANALYSIS

USA Underwriters sought to rescind the policy that it issued to plaintiff on the basis of plaintiff's alleged fraudulent misrepresentations in her application for insurance. It is well-established that a no-fault insurer can rescind a policy with respect to a named insured if the insured procured the policy through fraud or misrepresentation. *Meemic Ins Co v Fortson*, 506 Mich 287, 304-307; 954 NW2d 115 (2020). A party moving to rescind a contract on the basis of the nonmoving party's fraud in obtaining the contract must establish that (1) the nonmoving party made a material representation; (2) that representation was false; (3) the nonmoving party knew that the representation was false, or made the representation recklessly without knowledge of its truth; (4) the nonmoving party made the representation intending for the moving party to rely on it; (5) the moving party in fact relied on the representation; and (6) the moving party suffered injury as a result of that reliance. *Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012).

Viewing the evidence in the light most favorable to plaintiff, there is no question of material fact that all of these elements are satisfied. In plaintiff's July 21, 2021 application for insurance, she communicated that she had a valid driver's license that was not suspended and had not been suspended for the last three years. In the "Driver Information" portion of the application, plaintiff represented that the "status" of her driver's license was "[v]alid," and plaintiff initialed this portion of the application. Plaintiff's certified driving record from the Secretary of State shows that she was originally issued a license on September 8, 1995, and her license was suspended several times after that, with the most recent suspension lasting until February 17, 2017. Following this suspension, plaintiff's license was not reinstated until September 2, 2022—over a year after she signed her insurance application. This evidence establishes that, regardless of whether plaintiff's license was suspended when she applied for insurance, her license was not valid, contrary to the information she conveyed in her application. Plaintiff admitted at her deposition that she knew that her license was not valid when she applied for insurance, insisting that she told the agent assisting her with the application that she only had "a State ID." But the record evidence demonstrates that, despite this, plaintiff's application for insurance lists the status of her license as valid, and plaintiff initialed this portion of her application without making any alterations or correcting the misrepresentation. There can also be no serious dispute that plaintiff made the misrepresentation in her application for insurance intending for USA Underwriters to rely on it— the reason that plaintiff filled out her application was so that an insurer like USA Underwriters would issue her an insurance policy. USA Underwriters relied on plaintiff's misrepresentation by issuing plaintiff an insurance policy on the basis of the information she provided in her application, and it suffered an injury because of it. As Thompkins averred in her affidavit, had plaintiff been truthful about the validity of her driver's license in her application for insurance, USA Underwriters would not have issued a policy to her. This also established that plaintiff's misrepresentation about the validity of her driver's license was material. See *Keys v Pace*, 358 Mich 74, 82; 99 NW2d 547 (1959) (defining a material fact in an application for insurance as including a fact that, had the insurer known about, would have led the insurer to reject the associated risk).

All of the above facts establish that plaintiff obtained the policy issued by USA Underwriters through fraud, see *Titan Ins Co*, 491 Mich at 555, which entitled USA Underwriters to rescind the policy, regardless of whether the fraud was intentional or innocent, see *Sherman v Progressive Michigan Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364393); slip op at 4. See also *Webb v Progressive Marathon Ins Co*, 335 Mich App 503, 510; 967 NW2d 841 (2021) ("To be clear, we conclude that Progressive is entitled to rescind its policy as it pertained to [the named insured] in its entirety" because there was no question of fact that the named insured procured his policy from Progressive through fraud). The trial court therefore erred by denying USA Underwriters' motion for summary disposition as to plaintiff, individually. The court also erred by correspondingly granting Farmers' countermotion for summary disposition premised on Farmers' contention that plaintiff did not obtain her policy from USA Underwriters through fraud.

## III. RESCISSION AS TO TB

USA Underwriters additionally argues that the trial court should have rescinded the policy that USA Underwriters issued to plaintiff as to TB because the equities favored doing so.

A no-fault policy procured through fraud can be rescinded as to a third party who was not involved in the fraudulent procurement of the policy if doing so is equitable. See *Bazzi*, 502 Mich at 411. As such a request involves two innocent parties—the defrauded insurer and the third party who did not perpetrate the fraud—a court considering such a remedy must balance the equities and determine which innocent party should bear the burden of the insured's fraud. See *id*. at 410-411. In *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 411; 952 NW2d 586 (2020), this Court adopted a nonexclusive list of factors that trial courts balancing the equities in such situations should consider:

> (1) the extent to which the insurer could have uncovered the subject matter of the fraud before the innocent third party was injured; (2) the relationship between the fraudulent insured and the innocent third party to determine if the third party had some knowledge of the fraud; (3) the nature of the innocent third party's conduct, whether reckless or negligent, in the injury-causing event; (4) the availability of an alternate avenue for recovery if the insurance policy is not enforced; and (5) a determination of whether policy enforcement only serves to relieve the fraudulent insured of what would otherwise be the fraudulent insured's personal liability to the innocent third party.

The trial court here did not balance the equities between TB and USA Underwriters because it concluded that plaintiff did not procure her policy from USA Underwriters through fraud. As explained above, this was error because there is no question of fact that plaintiff procured her policy from USA Underwriters through fraud. Given this, it is now an open question whether USA Underwriters should be permitted to rescind the policy it issued to plaintiff as to TB.

USA Underwriters asks this Court to consider this issue in the first instance and balance the equities between TB and USA Underwriters, but that would be improper. Rescission is an equitable remedy to be granted in the trial court's discretion, so it is necessary to permit the trial court to exercise that discretion before this Court weighs in. See *Bazzi*, 502 Mich at 412. We also

note that USA Underwriters and Farmers both urge this Court to make factual findings based on their respective interpretations of the evidence, but that is improper not only because we are not a fact-finding court but because this case is before this Court on a motion for summary disposition. At this stage, a court is not permitted to weigh the evidence or make factual findings on conflicting evidence. *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). We therefore remand this issue to the trial court to balance the equities between TB and USA Underwriters while noting that, if genuine issues of material facts exist, the issue can only be resolved following an evidentiary hearing.

## IV. CONCLUSION

We reverse the trial court's March 1, 2024 and March 8, 2024 orders denying USA Underwriters' motion for summary disposition under MCR 2.116(C)(10) as to plaintiff, individually, and granting Farmers' countermotion for summary disposition under MCR 2.116(I)(2). We also vacate the trial court's March 8, 2024 order granting Farmers' motion for summary disposition under MCR 2.116(C)(10) as to TB, and remand that issue for further proceedings consistent with this opinion.

Reversed in part, vacated in part, and remanded for further proceedings. We do not retain jurisdiction.

/s/ Matthew S. Ackerman
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien