*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SARAH LAM,

        Plaintiff-Appellant,

v

MEIJER, INC.,

        Defendant-Appellee

and

JOHN DOE,

        Defendant.

UNPUBLISHED
December 19, 2025
9:19 AM

No. 372340
Wexford Circuit Court
LC No. 2023-030844-NO

Before: O'BRIEN, P.J., and BOONSTRA and WALLACE, JJ.

PER CURIAM.

Plaintiff appeals as of right, challenging the trial court's decision to grant summary disposition in favor of defendants, Meijer, Inc. and John Doe, on plaintiff's claims of negligence and premises liability. We affirm.

## I. BACKGROUND

This appeal arises out of a slip and fall that occurred in a bottle-return area on Meijer's premises. There are no factual disputes surrounding the circumstances of plaintiff's fall because a surveillance video captured the events leading up to and including the fall. The video depicts Meijer's bottle-return area on the date of plaintiff's fall—April 21, 2021. The entrance to the area is on the bottom right of the screen, and there are six bottle-return machines on the wall across from the entrance, with two more on the far-side wall. Near the entrance is a tall yellow caution sign. Defendant submitted a picture of the showing that the sign said, "Caution Wet Floor," with a symbol depicting a person slipping.

The video shows that at 2:35 p.m.[1] on April 21, 2021, a Meijer employee grabs a mop and started mopping the floor of the bottle-return area, focusing on one particular area where a puddle of liquid had gathered. Over the next 15 minutes, customers continue returning bottles at the machines at on the wall opposite the door, and two puddles of liquid can be seen forming. The puddles started near the bottle-return machines and flowed towards the middle of the bottle-return area. By 2:50 p.m., two puddles of liquid had clearly formed in the middle of the bottle-return area, with streaks showing that they began immediately in front of the bottle-return machines on the wall opposite the bottle-return area's entrance.

Plaintiff can be seen entering the bottle-return area at 2:53 p.m. Over the next six minutes, plaintiff stands in front of a bottle-return machine on the wall opposite the bottle-return area's entrance, returning bottles and cans. At 2:59 p.m., an employee—later identified as Preston Bruner—can be seen coming out of a door of an employee area at the far end of the bottle-return area, grabbing a cart, and walking towards the bottle-return area's entrance at the bottom right of the screen. Bruner explained at his deposition that he grabbed a cart to put it outside. The video shows that, as Bruner was walking out of the bottle-return area, he turned his head and looked at the ground near plaintiff's feet where the two puddles had formed. Bruner explained that he indeed saw the puddles at plaintiff's feet and "was going to take care of [those puddles] after [he] got that cart outside."

The video shows that, seconds after Bruner walked out of the bottle-return area, plaintiff—who by this time had finished her returns—grabbed a bag of trash out of her cart and began walking through one of the puddles. Plaintiff explained at her deposition that she was walking her trash to a nearby garbage bin. As shown in the video, though, as soon as plaintiff stepped in the puddle, she fell to her knee, then lay on the ground, writhing in pain. Plaintiff was later diagnosed with a broken kneecap.

Plaintiff testified at her deposition that she did not see any liquid on the floor before she fell but saw the puddle afterwards. Plaintiff acknowledged that she saw the caution sign near the entrance when she entered, and said that she interpreted the sign to mean "be cautious" and "to walk slowly" and "pay attention," which she claims she did but still did not see any puddles. Plaintiff also said that it was "common sense" that "you need to be careful" in a bottle-return area because "there could be liquid" on the ground.

Plaintiff filed her complaint on April 28, 2023, alleging counts of premises liability and negligence.[2] Following discovery, defendants moved for summary disposition, arguing that plaintiff's negligence claim must fail because her claim sounded solely in premises liability, and that her premises liability claim must fail because there was no question of fact that Meijer did not breach its duty to plaintiff as an invitee on Meijer's premises because Meijer placed the caution

---

[1] There is a timestamp in the bottom left of the video, and the times stated in this opinion correspond to the timestamps shown in the video.

[2] Plaintiff also alleged a claim of res ipsa loquitor, but the trial court dismissed that claim, and plaintiff does not contest that dismissal on appeal.

sign at the entrance of the bottle-return area, warning plaintiff of the hazardous condition on Meijer's premises—the wet floor—that caused plaintiff's injury.

The trial court agreed with defendants that plaintiff's negligence claim was not distinct from her premises liability claim, and eventually agreed with defendants that, on the undisputed facts of this case, plaintiff's claim sounding in premises liability must fail because there was no question of fact that Meijer did not breach its duty to plaintiff, as it warned plaintiff about the wet floor that caused her injury.

This appeal followed.

## II. STANDARD OF REVIEW

The trial court's decision to grant or deny summary disposition is reviewed de novo. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). Defendants moved for summary disposition under MCR 2.116(C)(8) and (10). A motion brought under MCR 2.116(C)(8) "tests the legal sufficiency" of a complaint. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). A (C)(8) motion considers the pleadings alone, and when a court reviews such a motion, it must accept all well-pleaded allegations as true. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). A motion filed under MCR 2.116(C)(8) "should be granted if no factual development could possibly justify recovery." *Feyz*, 475 Mich at 672. "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A (C)(10) motion is properly granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10). "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006). When reviewing a motion brought under MCR 2.116(C)(10), a court is to consider "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion." *Maiden*, 461 Mich at 119-120.

## III. PREMISES LIABILITY

Plaintiff first contends that the trial court erred by dismissing her premises liability claim because, under the undisputed facts, a reasonable juror could find defendants liable for such a claim.

Premises liability is a species of negligence, so the elements for a premises liability claim are the same as the elements of an ordinary negligence claim: the plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the defendant's breach of its duty caused injury to the plaintiff. See *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019). The duty in a premises liability action arises from the special relationship that exists between owners and occupiers of land and visitors on that land. *Bailey v Schaaf*, 494 Mich 595, 604; 835 NW2d 413 (2013). The contours of this duty depend on the visitor's status on the land. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). A business customer like plaintiff here is considered an invitee. See *Hoffner v Lanctoe*, 492 Mich 450, 460 n 8; 821 NW2d 88 (2012). A premises

-3-

possessor owes an invitee a duty to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Estate of Trueblood*, 327 Mich App at 285. A land possessor breaches this duty when the land possessor "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner*, 492 Mich at 460.

Defendants argued, and the trial court agreed, that there was no genuine issue of material fact that Meijer did not breach its duty to plaintiff as an invitee because Meijer knew about the dangerous condition on its premises—the slippery floor in the bottle-return area—and warned plaintiff of this defect by placing a sign at the entrance of the bottle-return area that said, "Caution Wet Floor" with a symbol showing someone slipping. This sign plainly alerted anyone entering the bottle-return area that the area's floor was wet and posed a slipping hazard. Contrary to plaintiff's assertion, the sign at issue was not "a generic, general warning sign." Rather, it identified a particular hazard (the wet floor) and warned of the risk posed of this hazard (slipping).

Plaintiff spends a good bit of her brief explaining the unremarkable proposition that a jury-triable issue exists if, despite the underlying facts being undisputed, reasonable minds could differ as to the legal effect of those facts. Yet, plaintiff fails to adequately explain why Meijer's placement of the "Caution Wet Floor" sign at the bottle-return area's entrance did not have the legal effect of warning plaintiff about the dangerous condition on Meijer's land that caused plaintiff's injury—the wet floor and the slipping hazard that it posed. Indeed, plaintiff confirmed during her deposition that she saw the warning sign at the bottle-return entrance, understood its meaning, and thought it was "common sense" that there could be liquid on the ground in the bottle-return area.

Plaintiff insists that there is a question of fact whether defendants are liable to plaintiff because Bruner walked by plaintiff and did not warn her of the nearby puddle or offer to her help walk away from the puddle. But plaintiff does not explain how the fact that defendants could have theoretically done more to warn plaintiff about the wet floor creates a jury-triable issue. The caution sign at the bottle-return area's entrance already warned plaintiff about that dangerous condition, and a plaintiff can almost always argue that a land possessor could do more to warn about a hazardous condition on the land, which is presumably why that is generally not the relevant inquiry. "Perfection is neither practicable nor required by the law," and courts cannot impose a requirement on a landowner "to make ordinary [conditions] foolproof." *Hoffner*, 492 Mich at 460 (quotation marks and citation omitted; second alteration in original). Wet floors are a common occurrence, especially in bottle-return areas, and the caution sign at the bottle-return area's entrance warned plaintiff that the bottle-return area's floor was wet and posed a fall risk. By placing this sign at the entrance of its bottle-return area, Meijer satisfied its duty to warn plaintiff, an invitee, of the known dangerous condition on Meijer's premises. See *id.* The trial court therefore properly dismissed plaintiff's claim sounding in premises liability.

## IV. NEGLIGENCE

Plaintiff next contends that the trial court erred by dismissing her negligence claim.

The principle difference between a claim sounding in premises liability and one sounding in negligence is that a defendant's duty in a premises liability action arises out of his ownership or

possession of the land, *Jahnke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014), whereas a defendant's duty in a negligence action generally arises "from a statute, a contractual relationship, or by operation of the common law," *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660-661; 822 NW2d 190 (2012). If supported by the facts of the case, a plaintiff can pursue liability under both a theory of premises liability and a theory of ordinary negligence. *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005) (opinion by Neff, J.). For instance, a claim for ordinary negligence based on the [d]efendant's *conduct*" can form a "basis of liability, independent of premises liability." *Id*. at 493-494.

Plaintiff argues that defendants are liable in negligence because Bruner's conduct was negligent in two ways—(1) Bruner left plaintiff standing in the puddle despite seeing the puddle and (2) he placed the caution sign near the door instead of closer to the wet areas of the floor so that customers could more easily navigate their carts into the bottle-return area. Both arguments fail for the simple reason that, assuming these allegations could establish a breach of duty, the duty arises from Meijer's possession of the land. For her first argument, plaintiff frankly admits that the duty that Bruner allegedly breached by leaving plaintiff standing in the puddle was the "duty of reasonable care . . . owed to [Meijer's] customers (invitees)." The placement of the caution sign similarly is only relevant because Meijer had a duty to warn invitees about known dangerous conditions on its land. Plaintiff again admits as much, saying "that Meijer breached a standard of care on how to mitigate the hazard posed by *spills and/or liquids on the floor* and where to place caution signs *in relation to those hazards*." Because both of plaintiff's negligence arguments actually sound in premises liability, the trial court properly dismissed plaintiff's negligence claim.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Mark T. Boonstra